UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

3:08-CV 00062

CASE NO. ______________

JUDGE: CRW-RAW

D. KENT SISSEL
207 W. 3rd Street
Muscatine, IA 52761

And

TIMOTHY SISSEL
2801 Mulberry Ave
Muscatine, IA 52761




And

HOLLY VROMAN
205 W. 3rd Street
Muscatine, IA 52761

And

AMANDA WHITE
1835 East Pacific St.
Ely, IA 52227

And

THEO M. SIERING
906 Grand Ave
Muscatine, IA 52761

And

LILA G. SIERING
1547 45th Street
Muscatine, IA 52761

And

CHELSEA A OETER
1215 Sunrise Circle
Muscatine, IA 52761

And

**DARLENE OETER**
**1215 Sunrise Circle**
**Muscatine, IA 52761**

**And**

**DARIN L. OETER**
**1215 Sunrise Circle**
**Muscatine, IA 52761**

**And**

**HERMAN C. BAKER, IRA**
**Wilton Savings Bank, Custodian**
**P.O. Box 1120**
**Wilton, IA 52778**

**And**

**JOAN M. BAKER, IRA**
**Wilton Savings Bank, Custodian**
**P.O. Box 1120**
**Wilton, IA 52778**

**And**

**RENEE' BAKER, IRA**
**Liberty Trust Savings Bank, Custodian**
**P.O. Box 1118**
**Durant, IA 52747**

**And**

**JAMES E. ARROWOOD, ROTH IRA**
**Wilton Savings Bank, Custodian**
**P.O. Box 1120**
**Wilton, IA 52718**

**And**

**REGEANA K. ARROWOOD, ROTH IRA**
**Wilton Savings Bank, Custodian**
**P.O Box 1120**
**Wilton, IA 52718**

**And**

**JAY D. TIECKE**
**420 10th Ave**
**Cedarville, IA 52241**

**And**

**MARGARET A. TIECKE**
**2813 Termini Drive**
**Muscatine, IA 52761**

**And**

**BETH R. KING MASON**
**7696 Briar Lane**
**Bellaire, MI 49615**

**And**

**LORI J. ULCH**
**1833 Highway 38**
**Muscatine, IA 52761**

**And**

**KENNETH C. LEIMKUEHLER and**
**CONSTANCE LEIMKUEHLER**
**Revocable Living Trust**
**c/o Kenneth C. Leimkuehler, Trustee**
**65886 E. Desert Ridge Drive**
**Saddlebrooke, AZ 85739**

**And**

**SALLY BLACK**
**607 Barry Ave**
**Muscatine, IA 52761**

**Plaintiffs**

**v.**

**LAURA KLIMLEY**
**5 Oakledge Road**
**Bronxville, New York 10708**

**And**

**MAXINE EIMICKE**
**20 Hereford Road**
**Bronxville, New York 10708**

**And**

**JOHN PALMERO**
**20 Saymor Drive**
**Bardonia, New York 10954**

**And**

**HEREFORD COLLECTION**
**AND CREDIT AGENCY, INC.**
**35 East Grassy Sprain Road**
**Yonkers, New York 10710**

**And**

**THE VICTOR W. and**
**MAXINE EIMICKE FOUNDATION**
**c/o**
**P.O Box 160**
**Bronxville, New York 10708**

**Defendants**

---

**COMPLAINT**
**(Jury Demand Endorsed Hereon)**

---

Now come Plaintiffs, D. KENT SISSEL, TIMOTHY SISSEL, AMANDA WHITE, THEO M. SIERING, LILA G. SIERING, CHELSEA OETER, DARLENE OETER, DARIN OETER, HELEN W. REHWALDT, HERMAN C. BAKER, JOAN M. BAKER, RENEE BAKER, JAMES E. ARROWOOD, REGEANA K. ARROWOOD, JAY D. TIECKE, MARGARET A. TICKE, BETH MASON, LORI J. ULCH, HOLLY VROMAN, KENNETH C. LEIMKUEHLER AND CONSTANCE LEIMKUEHLER REVOCABLE LIVING TRUST, and SALLY BLACK, by and through the undersigned counsel, and for their complaint against

Defendants LAURA KLIMLEY, JOHN PALMERO, MAXINE EIMICKE and HEREFORD COLLECTION AND CREDIT AGENCY, Inc. and THE VICTOR W. AND MAXINE EIMICKE FOUNDATION respectfully set forth and allege as follows:

**INTRODUCTION**

1. This action seeks compensatory and punitive damages for Plaintiffs for unlawful activities against Defendants pursuant to the Securities Act of 1933; the Securities Exchange Act of 1934; pursuant to 18 U.S.C. § 1964(c), as the suit concerns violations of the Racketeering Influenced and Corrupt Organizations Act; common law fraud; fraudulent transfers, corporate waste, violations of Iowa Code § 502.501 et seq., self-dealing and breach of fiduciary duty under the laws of the State of Iowa. Specifically, each Plaintiff purchased securities from the VWE Group, Inc. dba V.W. Eimicke Associates, Inc. (hereinafter the "Company") as part of the Company's "Note Program". These notes were offered for sale in this judicial district by way of mail and telephone solicitations. Plaintiffs claim that said Defendants engaged in a pattern of corrupt activities including aiding and abetting theft, money laundering and maliciously making false and misleading statements in connection with the performance and assets of the Company; knowingly and maliciously failing to disclose material facts in connection with the performance of the Company, the number of other investors and size of the Company's securities offerings; knowingly and maliciously failing to register the subject securities and provide the required disclosures in accordance with Federal law; engaging in a ponzi scheme; paying themselves and Eimicke family members and associates excessive salaries, dividends and other compensation, and otherwise seeking to unlawfully enrich themselves and the Eimicke family at the expense of Plaintiffs and the other note holders.

**JURISDICTION AND VENUE**

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337; Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v (hereinafter "Securities Act"); Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 77aa; and pursuant to 28 U.S.C. § 1367 in regards to Plaintiffs' claims brought in accordance with the laws of the State of New York. The claims asserted herein arise under Section 5, 12 and 15 of the Securities Act, (15 U.S.C. § 77e, 15 U.S.C. § 77l, 15 U.S.C. § 77o); Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. § 77j, 15 U.S.C. § 78t(a)) and Rule 10b-5 promulgated thereunder; 18 U.S.C. § 1964(c), as the suit concerns violations of the Racketeering Influenced and Corrupt Organizations Act and pursuant to 28 U.S.C. § 1367 as Plaintiffs' state and common law claims are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in this District pursuant to Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a); Section 27 of the Securities Exchange Act of 1934; 15 U.S.C. § 78aa; 28 U.S.C. § 1391; 18 U.S.C. § 1965(b) and the principles of supplemental jurisdiction under 28 U.S.C. § 1367. Assignment of this action to the Southern District of Iowa, is appropriate as a substantial portion of the subject misrepresentations and solicitations were made to Plaintiffs in the Southern District of Iowa by means of the telephone and mails and disseminated by Plaintiffs in the Southern District of Iowa and Plaintiffs took delivery of the subject securities in the Southern District of Iowa.

4. In connection with the acts, conduct and other wrongs complained of herein, Defendants, directly or indirectly, utilized the means and instrumentalities of interstate commerce, including but not limited to the United States mails and interstate telephone communications.

## THE PLAINTIFFS

5. At all relevant times Plaintiffs were and are bona fide creditors of the Company and investors in the Company's illegal Note Program and were solicited in the Southern District of Iowa (Muscatine, Iowa) by the Company and took delivery of their subject securities in the Southern District of Iowa (Muscatine, Iowa).

## THE DEFENDANTS

6. Defendant Laura Klimley (hereinafter "Klimley") was at all times relevant to the subject matter of this Complaint the Vice-President and director of the Company and the holder of 375 of the total of 750 of the Common A voting shares of the Company. Further, Laura Klimley held at all times relevant to the subject matter of this Complaint 1046.5 of a total of 2093 of Common B non-voting shares of the Company; 111 of 189 Preferred A , non-voting shares of the Company; and 814 of 1597 Preferred B non-voting shares of the Company. Laura Klimley had the power to direct or cause the direction of all aspects of the Company, including but not limited to its management, policies, securities offerings and communications and disclosures with and to the creditors of the Company at all relevant times and was a "control person" of the Company as defined by § 15 of the Securities Act and § 20(a) of the Exchange Act and exercised said control to cause the Company to engage in the conduct complained of herein.

7. Defendant Maxine Eimicke (hereinafter "Maxine Eimicke") was at all times relevant to the subject matter of this Complaint a vice-president, secretary and a director of the Company and the wife of the founder of the Company, Victor Eimicke. Maxine Eimicke had the power to direct or cause the direction of all aspects of the Company, including but not limited to its management, policies, securities offerings and communications and disclosures with and to the creditors of the Company at all relevant times and was a "control person" of the Company as

defined by § 15 of the Securities Act and § 20(a) of the Exchange Act and exercised said control to cause the Company to engage in the conduct complained of herein.

8. Defendant John Palmero (hereinafter "Palmero") was at all times relevant to the subject matter of this Complaint an officer and director of the Company and served as its controller. In his role as controller, Mr. Palmero prepared and kept the financial records of the Company and the Note Program, all of which indicate that from at least 1990 to until and including June, 2004, that the Company was illegally selling unregistered debentures and other securities at a time when the Company was hopelessly insolvent. Defendant had the power to direct or cause the direction of all aspects of the Company, including but not limited to its management, policies, securities offerings and communications and disclosures with and to the creditors of the Company at all relevant times and was a "control person" of the Company as defined by § 15 of the Securities Act and § 20(a) of the Exchange Act and exercised said control to cause the Company to engage in the conduct complained of herein.

9. Defendant Hereford Credit and Collection Agency, Inc. (hereinafter "Hereford") was at all times relevant to the subject matter of this Complaint a for-profit corporation formed and existing under the laws of the State of New York. Hereford was at all relevant times owned by Klimley and her sister, Alicia Eimicke, and utilized to launder monies generated by the Company's illegal Note Program for the benefit of Klimley and Alicia Eimicke. At all relevant times Klimley and her sister Alicia Eimicke were officers, directors and the sole shareholders of Hereford and were "control persons" of Hereford as defined by § 15 of the Securities Act and § 20(a) of the Exchange Act and exercised said control to cause the Company to engage in the conduct complained of herein.

10. Defendant The Victor W. and Maxine Eimicke Foundation, Inc. (hereinafter the "Foundation") was at all times relevant to the subject matter of this Complaint an allegedly

non-profit corporation formed and existing under the laws of the State of New York. The Foundation was established by Victor and Maxine Eimicke to aid in their joint scheme to avoid the payment of federal and state income tax and utilized to launder monies generated by the Company's illegal Note Program.

**OPERATIVE FACTS**

11. In or about late 1958, Victor Eimicke formed the Company, a New York Corporation, for the purposes of engaging in the business of producing and selling forms and other materials utilized by companies in the hiring, firing and motivation of employees and commonly referred to as the "HR business". Several years ago, the Company began producing and selling holiday greeting cards in addition to its "HR business". By 2003 the holiday card business surpassed the HR business and accounted for 75% of the company's revenues. In December 2003, the Company sold its holiday card business to an entity known as the Taylor Group.

12. Following the sale of the holiday card business, the Company filed for relief pursuant to Chapter 11 of the United States Bankruptcy Code on June 1, 2004. Said petition is currently pending in the United States Bankruptcy Court for the Southern District of New York being case number 04-20308.

13. From the Company's inception the Company offered debt instruments (the "Notes") with terms from 90 days to 5 years, interim maturity periods of between 1 and 3 years, and interest rates from 10 to 23% (the "Note Program"). These Notes were at all relevant times offered for sale in New York, New Jersey and other States by the Company and its officers and directors, including Defendants, Klimley, Palmero and Maxine Eimicke through personal, mail and telephone solicitations. At the time of the filing of the aforesaid bankruptcy, the aggregate outstanding principal amount of the Notes is more than $26 million dollars; nearly eight times the amount of money owed trade creditors.

14. By the late 1980's Victor Eimicke began actively training his daughters Alicia Eimicke and Klimley to take over the Company. By 1994, Victor Eimicke and Maxine Eimicke had transferred their stock to Alicia Eimicke and Klimley and had provided Alicia Eimicke and Klimley with detailed information in connection with the size and purpose of the Note Program and the operation and budgetary concerns of the Company.

15. From 1993 up until the time of the aforcsaid bankruptcy filing, an evaluation of the earnings before interest and taxes (hereinafter "EBIT") shows that the Company was in terms of operational income profitable in some years, nearly break even in others and lost money in a number of years. The pattern was, however, wildly erratic. Specifically, for each year the EBIT was as follows:

| YEAR | GAIN OR LOSS | AMOUNT |
|---|---|---|
| 1993 | Gain | $476,000.00 |
| 1994 | Loss | $212,000.00 |
| 1995 | Loss | $182,000.00 |
| 1996 | Gain | $98,000.00 |
| 1997 | Gain | $6,000.00 |
| 1998 | Gain | $802,000.00 |
| 1999 | Gain | $18,000.00 |
| 2000 | Loss | $143,000.00 |
| 2001 | Gain | $233,000.00 |
| 2002 | Loss | $37,000.00 |
| 2003 | Gain | $203,000.00 |

16. In every year from 1993 until and including 2003, the Company posted a large annual net loss. This loss grew from $286,000.00 in 1993 to $3,247,000.00 in 2003. Indeed the Company posted a net loss of at least a million dollars in each year from 1995 to 2003. Specifically, the Company posted net losses as follows:

| YEAR | NET LOSS |
|---|---|
| 1995 | $1,428,000.00 |
| 1996 | $1,434,000.00 |
| 1997 | $1,745,000.00 |
| 1998 | $1,284,000.00 |
| 1999 | $2,280,000.00 |
| 2000 | $2,932,000.00 |
| 2001 | $3,011,000.00 |
| 2002 | $3,702,000.00 |
| 2003 | $3,247,000.00 |

17. The aforesaid net loss is explained by the consistent and continuous issuance of new Notes. From 1993 to 2003 the Notes payable increased from $5,950,000.00 in 1993 to $25,268,000.00 in 2003. In fact even as of 1993 the Note Program was so large that in no year from 1993 up to and including 2003 did the EBIT provide sufficient money to pay the interest expense and amortization. The following chart illustrates this point by comparing the EBIT, the interest expense, the amount of debt raised in a certain year and the total amount of the debt at the end of such year:

| YEAR | EBIT | INTEREST | AMOUNT RAISED | TOTAL DEBT |
|---|---|---|---|---|
| 1993 | $476,000.00 | $762,000.00 | (presently unknown) | $5,950,000.00 |

| | | | | |
|---|---|---|---|---|
| 1994 | ($212,000.00) | $981,000.00 | $1,292,000.00 | $7,242,000.00 |
| 1995 | ($182,000.00) | $1,245,000.00 | $1,742,000.00 | $8,984,000.00 |
| 1996 | $98,000.00 | $1,531,000.00 | $2,096,000.00 | $11,080,000.00 |
| 1997 | $6,000.00 | $1,751,000.00 | $1,843,000.00 | $12,923,000.00 |
| 1998 | $802,000.00 | $2,086,000.00 | $1,892,000.00 | $14,815,000.00 |
| 1999 | $17,000.00 | $2,297,000.00 | $2,507,000.00 | $17,322,000.00 |
| 2000 | ($143,000.00) | $2,788,000.00 | $1,466,000.00 | $18,788,000.00 |
| 2001 | $233,000.00 | $3,243,000.00 | $2,104,000.00 | $20,892,000.00 |
| 2002 | ($36,000.00) | $3,702,000.00 | $4,376,000.00 | $25,268,000.00 |
| 2003 | $203,000.00 | $3,450,000.00 | $3,803,000.00 | $29,071,000.00 |

18. Despite actual knowledge, the aforesaid losses the Company, at the direction of officers and directors of the Company, including Defendants, Klimley, Palmero and Maxine Eimicke paid cash dividends to the Eimicke family and Klimley. Specifically the Company, at the direction of officers and directors of the Company, including said Defendants, paid the shareholders (Klimley and Alicia Eimicke) a dividend of $19,850.00 each in 1993 and $17,860.00 each in year thereafter until and including 2003. These payments were made despite the fact that neither shareholder paid anything for their stock.

19. Despite the poor financial condition of the Company, the Company, at the direction of officers and directors of the Company, including Defendants Klimley, Palmero and Maxine Eimicke, paid to the Eimicke family and the Company's officers, clearly excessive salaries starting as early as 1991. Indeed a substantial salary was paid to Maxine Eimicke, the wife of Victor Eimicke, although she claims to have had little or no involvement with the operation of the Company. The excessive nature of the salaries paid to the officers is illustrated as follows:

in 1995 officer salaries were $950,000.00, as compared to a negative EBIT of $183,000.00 and a net loss of $1,428,000.00; in 1996 officers salaries were $957,000.00, as compared to a EBIT of $98,000.00 and a net loss of $1,434,000.00; in 1997 officer salaries were $857,000.00 as compared to a EBIT of $6,000.00 and a net loss of $1,745,000.00; in 1998 officer salaries were $816,000.00 as compared to a EBIT of $802,000.00 and a net loss of $1,284,000.00; in 1999 officer salaries were $852,000.00, as compared to an EBIT of $18,0000.00 and a net loss of $2,280,000.00; in 2000 officer salaries were $849,000.00 as compared to a negative EBIT of $143,000.00 and a net loss of $2,932,000.00; in 2001 officer salaries were $756,000.00, as compared to an EBIT of $233,000.00 and a net loss of $3,011,000.00; in 2002 officer salaries were $545,000.00 as compared to a negative EBIT of $37,000.00 and a net loss of $3,702,000.00; and in 2003 officer salaries were $588,000.00 as opposed to a net loss of $3,247,000.00. A summary of the officer salaries paid is attached herewith as Exhibit "A".

20. In addition to the aforesaid illegal dividends and excessive salaries, the Company, at the direction of officers and directors of the Company including Defendants Klimley, Palmero and Maxine Eimicke, made substantial advances to Company officers and directors. Plaintiffs state that said advances exceeded 1.5 million dollars. Specifically the Company made the following advances to Klimley, many from the general operating account of the Company:

| Date | COMPANY ACCOUNT | CHECK # | AMOUNT | PAYEE |
|---|---|---|---|---|
| 12/29/1993 | Fleet General | 59102 | $600.00 | Laura Klimley |
| 7/1/1994 | National Westminister Special | 201 | $18.75 | Laura Klimley |
| 7/1/1994 | National Westminister Special | 195 | $337.50 | Laura Klimley |
| 7/5/1994 | National Westminister Special | 4475 | $2,242.50 | Laura Klimley |
| 7/5/1994 | National Westminister Special | 4476 | $70.00 | Laura Klimley |
| 7/14/1994 | National Westminister General | 32763 | $400.00 | Laura Klimley |
| 7/19/1994 | National Westminister General | 32794 | $2,200.00 | Laura Klimley |
| 7/21/1994 | National Westminister General | 32813 | $400.00 | Laura Klimley |
| 7/21/1994 | National Westminister Special | 2268 | $3,700.00 | Laura Klimley |
| 7/27/1994 | National Westminister General | 32848 | $400.00 | Laura Klimley |
| 8/4/1994 | National Westminister General | 32916 | $1,200.00 | Laura Klimley |
| 8/11/1994 | National Westminister General | 32985 | $300.00 | Laura Klimley |
| 8/17/1994 | National Westminister General | 33025 | $450.00 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 8/25/1994 | National Westminister General | 33105 | $400.00 | Laura Klimley |
| 9/1/1994 | National Westminister General | 33185 | $400.00 | Laura Klimley |
| 9/6/1994 | National Westminister General | 33206 | $2,300.00 | Laura Klimley |
| 9/7/1994 | National Westminister General | 33220 | $400.00 | Laura Klimley |
| 9/14/1994 | National Westminister General | 33265 | $400.00 | Laura Klimley |
| 9/22/1994 | National Westminister General | 33341 | $200.00 | Laura Klimley |
| 9/28/1994 | National Westminister General | 33380 | $450.00 | Laura Klimley |
| 10/1/1994 | National Westminister Special | 230 | $18.75 | Laura Klimley |
| 10/1/1994 | National Westminister Special | 224 | $337.50 | Laura Klimley |
| 10/4/1994 | National Westminister Special | 4798 | $2,242.50 | Laura Klimley |
| 10/5/1994 | National Westminister General | 33427 | $70.00 | Laura Klimley |
| 11/10/1994 | National Westminister General | 33717 | $70.00 | Laura Klimley |
| 11/21/1994 | National Westminister General | 33793 | $150.00 | Laura Klimley |
| 11/29/1994 | Medical bills paid 165.00 | | $0.00 | Laura Klimley |
| 12/5/1994 | National Westminister General | 33921 | $150.00 | Laura Klimley |
| 12/7/1994 | National Westminister General | 33943 | $65.00 | Laura Klimley |
| 12/8/1994 | National Westminister General | 33954 | $500.00 | Laura Klimley |
| 12/15/1994 | National Westminister General | 34010 | $600.00 | Laura Klimley |
| 12/22/1994 | National Westminister General | 34067 | $3,100.00 | Laura Klimley |
| 12/29/1994 | National Westminister General | 34120 | $400.00 | Laura Klimley |
| 1/3/1995 | National Westminister Special | 313 | $337.50 | Laura Klimley |
| 1/3/1995 | National Westminister Special | 319 | $18.75 | Laura Klimley |
| 1/4/1995 | National Westminister Special | 4821 | $2,242.50 | Laura Klimley |
| 1/5/1995 | National Westminister General | 34171 | $250.00 | Laura Klimley |
| 1/5/1995 | National Westminister General | 34173 | $450.00 | Laura Klimley |
| 1/5/1995 | National Westminister General | 34177 | $70.00 | Laura Klimley |
| 1/12/1995 | National Westminister General | 34213 | $650.00 | Laura Klimley |
| 1/19/1995 | National Westminister General | 34261 | $700.00 | Laura Klimley |
| 1/26/1995 | National Westminister General | 34324 | $700.00 | Laura Klimley |
| 2/9/1995 | National Westminister General | 34464 | $700.00 | Laura Klimley |
| 2/16/1995 | National Westminister General | 34464 | $700.00 | Laura Klimley |
| 2/22/1995 | National Westminister General | 34484 | $250.00 | Laura Klimley |
| 2/22/1995 | National Westminister General | 34486 | $750.00 | Laura Klimley |
| 3/1/1995 | National Westminister General | 34532 | $750.00 | Laura Klimley |
| 3/9/1995 | National Westminister General | 34597 | $700.00 | Laura Klimley |
| 3/16/1995 | National Westminister General | 34639 | $150.00 | Laura Klimley |
| 3/16/1995 | National Westminister General | 34645 | $700.00 | Laura Klimley |
| 3/22/1995 | National Westminister General | 34694 | $700.00 | Laura Klimley |
| 3/22/1995 | National Westminister Special | 1385 | $2,500.00 | Laura Klimley |
| 3/30/1995 | National Westminister General | 34729 | $700.00 | Laura Klimley |
| 4/3/1995 | National Westminister General | 34752 | $70.00 | Laura Klimley |
| 4/3/1995 | National Westminister Special | 378 | $337.50 | Laura Klimley |
| 4/3/1995 | National Westminister Special | 384 | $18.75 | Laura Klimley |
| 4/6/1995 | National Westminister General | 34789 | $200.00 | Laura Klimley |
| 4/6/1995 | HVGA | 4843 | $2,000.00 | Laura Klimley |
| 4/13/1995 | National Westminister General | 34843 | $700.00 | Laura Klimley |
| 4/20/1995 | National Westminister General | 34879 | $700.00 | Laura Klimley |
| 4/21/1995 | HVGA | 4848 | $3,850.00 | Laura Klimley |
| 4/27/1995 | National Westminister General | 34933 | $750.00 | Laura Klimley |
| 5/4/1995 | National Westminister General | 34977 | $700.00 | Laura Klimley |
| 5/11/1995 | National Westminister General | 35012 | $700.00 | Laura Klimley |
| 5/18/1995 | National Westminister General | 35058 | $700.00 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 5/24/1995 | National Westminister General | 35094 | $700.00 | Laura Klimley |
| 5/24/1995 | National Westminister General | 1467 | $1,120.00 | Laura Klimley |
| 6/1/1995 | National Westminister General | 1472 | $1,200.00 | Laura Klimley |
| 6/8/1995 | National Westminister General | 35176 | $700.00 | Laura Klimley |
| 6/15/1995 | National Westminister General | 35223 | $700.00 | Laura Klimley |
| 6/22/1995 | National Westminister General | 35278 | $700.00 | Laura Klimley |
| 6/28/1995 | National Westminister General | 35319 | $2,500.00 | Laura Klimley |
| 6/29/1995 | National Westminister General | 35328 | $700.00 | Laura Klimley |
| 7/1/1996 | National Westminster Special | 00563 | $337.50 | Laura Klimley |
| 7/1/1996 | National Westminster Special | 00572 | $18.75 | Laura Klimley |
| 7/3/1996 | National Westminster General | 38059 | $450.00 | Laura Klimley |
| 7/10/1996 | National Westminster General | 38080 | $750.00 | Laura Klimley |
| 7/18/1996 | National Westminster General | 38134 | $1,000.00 | Laura Klimley |
| 7/18/1996 | National Wesminster General | 04908 | $2,242.50 | Laura Klimley |
| 7/22/1996 | National Westminster General | 38158 | $70.00 | Laura Klimley |
| 7/25/1996 | National Westminster General | 38195 | $900.00 | Laura Klimley |
| 8/1/1996 | National Wesminster General | 38238 | $750.00 | Laura Klimley |
| 8/8/1996 | National Wesminster General | 38294 | $750.00 | Laura Klimley |
| 8/15/1996 | National Wesminster General | 38335 | $700.00 | Laura Klimley |
| 8/22/1996 | National Wesminster General | 38380 | $750.00 | Laura Klimley |
| 8/29/1996 | National Wesminster General | 38416 | $600.00 | Laura Klimley |
| 8/29/1996 | National Wesminster General | 38418 | $900.00 | Laura Klimley |
| 9/5/1996 | National Westminster General | 38480 | $900.00 | Laura Klimley |
| 9/5/1996 | National Westminster General | 38484 | $600.00 | Laura Klimley |
| 9/12/1996 | National Westminster General | 38537 | $900.00 | Laura Klimley |
| 9/12/1996 | National Westminster General | 38539 | $600.00 | Laura Klimley |
| 9/19/1996 | National Westminster General | 38594 | $600.00 | Laura Klimley |
| 9/19/1996 | National Westminster General | 38597 | $900.00 | Laura Klimley |
| 9/26/1996 | National Westminster General | 38646 | $900.00 | Laura Klimley |
| 9/26/1996 | National Westminster General | 38648 | $600.00 | Laura Klimley |
| 10/1/1996 | National Westminster Special | 00641 | $337.50 | Laura Klimley |
| 10/1/1996 | National Westminster Special | 00650 | $18.75 | Laura Klimley |
| 10/3/1996 | National Westminster General | 38689 | $600.00 | Laura Klimley |
| 10/9/1996 | National Westminster General | 38717 | $1,700.00 | Laura Klimley |
| 10/10/1996 | National Westminster General | 38722 | $600.00 | Laura Klimley |
| 10/10/1996 | National Westminster General | 38724 | $900.00 | Laura Klimley |
| 10/17/1996 | National Westminster General | 38762 | $900.00 | Laura Klimley |
| 10/17/1996 | National Westminster General | 38763 | $300.00 | Laura Klimley |
| 10/18/1996 | National Westminster General | 38790 | $70.00 | Laura Klimley |
| 10/22/1996 | National Westminster General | 04914 | $2,242.50 | Laura Klimley |
| 10/24/1996 | National Westminster General | 38813 | $900.00 | Laura Klimley |
| 10/31/1996 | National Westminster General | 38877 | $900.00 | Laura Klimley |
| 10/31/1996 | National Westminster General | 38879 | $700.00 | Laura Klimley |
| 11/7/1996 | National Westminster General | 38935 | $600.00 | Laura Klimley |
| 11/14/1996 | National Westminster General | 38974 | $600.00 | Laura Klimley |
| 11/14/1996 | National Westminster General | 38976 | $900.00 | Laura Klimley |
| 11/21/1996 | National Westminster General | 39033 | $900.00 | Laura Klimley |
| 11/26/1996 | National Westminster General | 39063 | $900.00 | Laura Klimley |
| 12/3/1996 | National Westminster General | 39103 | $500.00 | Laura Klimley |
| 12/5/1996 | National Westminster General | 39132 | $900.00 | Laura Klimley |
| 12/12/1996 | National Westminster General | 39193 | $900.00 | Laura Klimley |
| 12/19/1996 | National Westminster General | 39240 | $600.00 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 12/19/1996 | National Westminster General | 39242 | $900.00 | Laura Klimley |
| 12/27/1996 | National Westminster General | 39282 | $900.00 | Laura Klimley |
| 1/2/1997 | National Westminster General | 39315 | $600.00 | Laura Klimley |
| 1/2/1997 | National Wesminster Special | 00712 | $337.50 | Laura Klimley |
| 1/2/1997 | National Wesminster Special | 00721 | $18.75 | Laura Klimley |
| 1/9/1997 | National Westminster General | 39363 | $600.00 | Laura Klimley |
| 1/16/1997 | National Westminster General | 39398 | $700.00 | Laura Klimley |
| 1/21/1997 | National Westminster General | 39418 | $2,242.50 | Laura Klimley |
| 1/23/1997 | National Westminster General | 39450 | $350.00 | Laura Klimley |
| 1/30/1997 | National Westminster General | 39511 | $800.00 | Laura Klimley |
| 1/30/1997 | National Westminster General | 39516 | $70.00 | Laura Klimley |
| 2/6/1997 | National Westminster General | 39550 | $700.00 | Laura Klimley |
| 2/13/1997 | National Westminster General | 39588 | $700.00 | Laura Klimley |
| 2/20/1997 | National Westminster General | 39627 | $700.00 | Laura Klimley |
| 3/6/1997 | National Westminster General | 39727 | $700.00 | Laura Klimley |
| 3/20/1997 | National Westminster General | 39798 | $650.00 | Laura Klimley |
| 3/27/1997 | National Westminster General | 39851 | $650.00 | Laura Klimley |
| 4/1/1997 | National Westminster Special | 00806 | $337.50 | Laura Klimley |
| 4/1/1997 | National Westminster Special | 00815 | $18.75 | Laura Klimley |
| 4/3/1997 | National Westminster General | 39870 | $650.00 | Laura Klimley |
| 4/10/1997 | National Westminster General | 39911 | $539.32 | Laura Klimley |
| 4/17/1997 | National Westminster General | 39972 | $500.00 | Laura Klimley |
| 4/24/1997 | National Westminster General | 40024 | $650.00 | Laura Klimley |
| 4/28/1997 | National Westminster General | 40049 | $2,242.50 | Laura Klimley |
| 4/30/1997 | National Westminster General | 40082 | $70.00 | Laura Klimley |
| 5/1/1997 | National Westminster General | 40092 | $850.00 | Laura Klimley |
| 5/8/1997 | National Westminster General | 40136 | $650.00 | Laura Klimley |
| 5/15/1997 | National Westminster General | 40177 | $700.00 | Laura Klimley |
| 5/22/1997 | National Westminster General | 40213 | $650.00 | Laura Klimley |
| 5/27/1997 | National Westminster General | 40246 | $366.45 | Laura Klimley |
| 5/29/1997 | National Westminster General | 40269 | $700.00 | Laura Klimley |
| 5/30/1997 | National Westminster General | 40290 | $450.00 | Laura Klimley |
| 6/5/1997 | National Westminster General | 40344 | $650.00 | Laura Klimley |
| 6/12/1997 | National Westminster General | 40420 | $700.00 | Laura Klimley |
| 6/26/1997 | National Westminster General | 40529 | $3,600.00 | Laura Klimley |
| 7/1/1997 | National Westminster General | 40592 | $337.50 | Laura Klimley |
| 7/1/1997 | National Westminster General | 40595 | $18.75 | Laura Klimley |
| 7/3/1997 | National Westminster General | 40667 | $600.00 | Laura Klimley |
| 7/10/1997 | National Westminster General | 40698 | $650.00 | Laura Klimley |
| 7/17/1997 | National Westminster General | 40741 | $2,242.50 | Laura Klimley |
| 7/17/1997 | National Westminster General | 40745 | $70.00 | Laura Klimley |
| 7/23/1997 | National Westminster General | 40805 | $900.00 | Laura Klimley |
| 7/23/1997 | National Westminster General | 40806 | $700.00 | Laura Klimley |
| 7/31/1997 | National Westminster General | 40850 | $650.00 | Laura Klimley |
| 8/7/1997 | National Westminster General | 40895 | $800.00 | Laura Klimley |
| 8/11/1997 | National Westminster General | 40924 | $100.00 | Laura Klimley |
| 8/14/1997 | National Westminster General | 40943 | $600.00 | Laura Klimley |
| 8/21/1997 | National Westminster General | 40988 | $700.00 | Laura Klimley |
| 8/22/1997 | National Westminster General | 40999 | $206.81 | Laura Klimley |
| 8/28/1997 | National Westminster General | 41037 | $650.00 | Laura Klimley |
| 9/4/1997 | National Westminster General | 41083 | $650.00 | Laura Klimley |
| 9/11/1997 | National Westminster General | 41127 | $650.00 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 9/18/1997 | National Westminster General | 41177 | $700.00 | Laura Klimley |
| 9/24/1997 | National Westminster General | 41217 | $600.00 | Laura Klimley |
| 10/1/1997 | National Westminster General | 41318 | $937.50 | Laura Klimley |
| 10/1/1997 | National Westminster General | 01754 | $300.00 | Laura Klimley |
| 10/1/1997 | National Westminster General | 01754 | $337.50 | Laura Klimley |
| 10/1/1997 | National Westminster General | 41318 | $600.00 | Laura Klimley |
| 10/1/1997 | National Westminster General | 41318 | $337.50 | Laura Klimley |
| 10/7/1997 | National Westminster General | 41422 | $600.00 | Laura Klimley |
| 10/16/1997 | National Westminster General | 41471 | $600.00 | Laura Klimley |
| 10/22/1997 | National Westminster General | 41510 | $821.25 | Laura Klimley |
| 10/29/1997 | National Westminster General | 41503 | $821.25 | Laura Klimley |
| 10/30/1997 | National Westminster General | 41581 | $70.00 | Laura Klimley |
| 11/5/1997 | National Westminster General | 41622 | $600.00 | Laura Klimley |
| 11/12/1997 | National Westminster General | 41667 | $3,100.00 | Laura Klimley |
| 11/19/1997 | National Westminster General | 41728 | $600.00 | Laura Klimley |
| 11/24/1997 | National Westminster General | 41764 | $500.00 | Laura Klimley |
| 12/3/1997 | National Westminster General | 41837 | $500.00 | Laura Klimley |
| 12/3/1997 | National Westminster General | 41840 | $600.00 | Laura Klimley |
| 12/9/1997 | National Westminster General | 41887 | $2,000.00 | Laura Klimley |
| 12/10/1997 | National Westminster General | 41899 | $600.00 | Laura Klimley |
| 12/16/1997 | National Westminster General | 41961 | $600.00 | Laura Klimley |
| 12/19/1997 | National Westminster General | 41991 | $600.00 | Laura Klimley |
| 12/30/1997 | National Westminster General | 42062 | $600.00 | Laura Klimley |
| 1/2/1998 | National Westminster General | 42105 | $337.50 | Laura Klimley |
| 1/2/1998 | National Westminster General | 42108 | $18.75 | Laura Klimley |
| 1/7/1998 | National Westminster General | 42179 | $600.00 | Laura Klimley |
| 1/14/1998 | National Westminster General | 42223 | $300.00 | Laura Klimley |
| 1/21/1998 | National Westminster General | 42279 | $700.00 | Laura Klimley |
| 1/23/1998 | National Westminster General | 42300 | $70.00 | Laura Klimley |
| 2/4/1998 | National Westminster General | 42382 | $700.00 | Laura Klimley |
| 2/11/1998 | National Westminster General | 42436 | $700.00 | Laura Klimley |
| 2/25/1998 | National Westminster General | 42528 | $300.00 | Laura Klimley |
| 3/4/1998 | National Westminster General | 42560 | $600.00 | Laura Klimley |
| 3/11/1998 | National Westminster General | 42604 | $600.00 | Laura Klimley |
| 3/16/1998 | National Westminster General | 42625 | $2,400.00 | Laura Klimley |
| 3/18/1998 | National Westminster General | 42650 | $600.00 | Laura Klimley |
| 3/24/1998 | National Westminster General | 42680 | $2,800.00 | Laura Klimley |
| 3/25/1998 | National Westminster General | 42687 | $600.00 | Laura Klimley |
| 4/1/1998 | National Westminster General | 42756 | $337.50 | Laura Klimley |
| 4/1/1998 | National Westminster General | 42761 | $18.75 | Laura Klimley |
| 4/8/1998 | National Westminster General | 42869 | $3,431.82 | Laura Klimley |
| 4/9/1998 | National Westminster General | 42884 | $70.00 | Laura Klimley |
| 4/15/1998 | National Westminster General | 42925 | $600.00 | Laura Klimley |
| 4/22/1998 | National Westminster General | 43011 | $600.00 | Laura Klimley |
| 4/29/1998 | National Westminster General | 43079 | $800.00 | Laura Klimley |
| 5/6/1998 | National Westminster General | 43154 | $600.00 | Laura Klimley |
| 5/13/1998 | National Westminster General | 43214 | $1,100.00 | Laura Klimley |
| 5/19/1998 | National Westminster General | 43266 | $3,100.00 | Laura Klimley |
| 5/27/1998 | National Westminster General | 43310 | $700.00 | Laura Klimley |
| 6/3/1998 | National Westminster General | 43372 | $700.00 | Laura Klimley |
| 6/10/1998 | National Westminster General | 43436 | $600.00 | Laura Klimley |
| 6/17/1998 | National Westminster General | 43494 | $600.00 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 6/22/1998 | National Westminster General | 43533 | $1,200.00 | Laura Klimley |
| 6/24/1998 | National Westminster General | 43550 | $600.00 | Laura Klimley |
| 6/30/1998 | National Westminster General | 43589 | $600.00 | Laura Klimley |
| 7/1/1999 | National Westminster General | 46660 | $337.50 | Laura Klimley |
| 7/1/1999 | National Westminster General | 46662 | $18.75 | Laura Klimley |
| 7/7/1999 | National Westminster General | 46758 | $300.00 | Laura Klimley |
| 7/8/1999 | National Westminster General | 04958 | $2,242.50 | Laura Klimley |
| 7/12/1999 | National Westminster General | 46791 | $70.00 | Laura Klimley |
| 7/14/1999 | National Westminster General | 46808 | $600.00 | Laura Klimley |
| 7/15/1999 | National Westminster General | 01883 | $297.00 | Laura Klimley |
| 7/22/1999 | National Westminster General | 46857 | $600.00 | Laura Klimley |
| 7/28/1999 | National Westminster General | 46896 | $700.00 | Laura Klimley |
| 8/4/1999 | National Westminster General | 46948 | $600.00 | Laura Klimley |
| 8/11/1999 | National Westminster General | 46985 | $600.00 | Laura Klimley |
| 8/17/1999 | National Westminster General | 47037 | $600.00 | Laura Klimley |
| 8/23/1999 | National Westminster General | 47066 | $600.00 | Laura Klimley |
| 9/1/1999 | National Westminster General | 47119 | $600.00 | Laura Klimley |
| 9/8/1999 | National Westminster General | 47173 | $600.00 | Laura Klimley |
| 9/15/1999 | National Westminster General | 47224 | $600.00 | Laura Klimley |
| 9/22/1999 | National Westminster General | 47279 | $700.00 | Laura Klimley |
| 9/29/1999 | National Westminster General | 47337 | $600.00 | Laura Klimley |
| 10/1/1999 | National Westminster General | 47387 | $337.50 | Laura Klimley |
| 10/1/1999 | National Westminster General | 47389 | $18.75 | Laura Klimley |
| 10/6/1999 | National Westminster General | 47496 | $260.00 | Laura Klimley |
| 10/12/1999 | National Westminster General | 47534 | $1,600.00 | Laura Klimley |
| 10/13/1999 | National Westminster General | 47541 | $600.00 | Laura Klimley |
| 10/20/1999 | National Westminster General | 47604 | $600.00 | Laura Klimley |
| 10/20/1999 | National Westminster General | 47607 | $50,000.00 | Laura Klimley |
| 10/27/1999 | National Westminster General | 47655 | $600.00 | Laura Klimley |
| 10/28/1999 | National Westminster General | 47667 | $70.00 | Laura Klimley |
| 10/28/1999 | National Westminster General | 04959 | $2,242.50 | Laura Klimley |
| 10/28/1999 | National Westminster General | 47667 | -$70.00 | Laura Klimley |
| 11/2/1999 | National Westminster General | 47717 | $600.00 | Laura Klimley |
| 11/9/1999 | National Westminster General | 47772 | $80.00 | Laura Klimley |
| 11/10/1999 | National Westminster General | 47778 | $600.00 | Laura Klimley |
| 11/17/1999 | National Westminster General | 47830 | $600.00 | Laura Klimley |
| 11/22/1999 | National Westminster General | 47875 | $600.00 | Laura Klimley |
| 12/1/1999 | National Westminster General | 47948 | $600.00 | Laura Klimley |
| 12/8/1999 | National Westminster General | 48004 | $600.00 | Laura Klimley |
| 12/15/1999 | National Westminster General | 48062 | $600.00 | Laura Klimley |
| 12/20/1999 | National Westminster General | 48102 | $700.00 | Laura Klimley |
| 12/28/1999 | National Westminster General | 48168 | $700.00 | Laura Klimley |
| 1/3/2000 | National Westminster Special | 00860 | $337.50 | Laura Klimley |
| 1/3/2000 | National Westminster Special | 00868 | $18.75 | Laura Klimley |
| 1/5/2000 | National Westminster General | 48229 | $250.00 | Laura Klimley |
| 1/12/2000 | National Westminster General | 48277 | $600.00 | Laura Klimley |
| 1/12/2000 | National Westminster General | 04960 | $2,242.50 | Laura Klimley |
| 1/13/2000 | National Westminster General | 48284 | $70.00 | Laura Klimley |
| 1/26/2000 | National Westminster General | 48356 | $600.00 | Laura Klimley |
| 1/28/2000 | National Westminster General | 48382 | $300.00 | Laura Klimley |
| 2/2/2000 | National Westminster General | 48439 | $600.00 | Laura Klimley |
| 2/9/2000 | National Westminster General | 48490 | $600.00 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 2/16/2000 | National Westminster General | 48526 | $600.00 | Laura Klimley |
| 2/23/2000 | National Westminster General | 48577 | $600.00 | Laura Klimley |
| 3/1/2000 | National Westminster General | 48622 | $700.00 | Laura Klimley |
| 3/8/2000 | National Westminster General | 48681 | $700.00 | Laura Klimley |
| 3/15/2000 | National Westminster General | 48727 | $600.00 | Laura Klimley |
| 3/21/2000 | National Westminster General | 48781 | $600.00 | Laura Klimley |
| 3/24/2000 | National Westminster General | 48813 | $2,900.00 | Laura Klimley |
| 4/3/2000 | National Westminster Special | 01024 | $337.50 | Laura Klimley |
| 4/3/2000 | National Westminster Special | 01032 | $18.75 | Laura Klimley |
| 4/5/2000 | National Westminster General | 48890 | $700.00 | Laura Klimley |
| 4/12/2000 | National Westminster General | 48938 | $600.00 | Laura Klimley |
| 4/12/2000 | National Westminster General | 04965 | $2,242.50 | Laura Klimley |
| 4/13/2000 | National Westminster General | 48947 | $70.00 | Laura Klimley |
| 4/18/2000 | National Westminster General | 48979 | $300.00 | Laura Klimley |
| 4/26/2000 | National Westminster General | 49031 | $600.00 | Laura Klimley |
| 5/1/2000 | National Westminster General | 49084 | $800.00 | Laura Klimley |
| 5/10/2000 | National Westminster General | 49144 | $250.00 | Laura Klimley |
| 5/10/2000 | National Westminster General | 49147 | $389.32 | Laura Klimley |
| 5/17/2000 | National Westminster General | 49191 | $600.00 | Laura Klimley |
| 5/24/2000 | National Westminster General | 49237 | $1,000.00 | Laura Klimley |
| 6/1/2000 | National Westminster General | 49316 | $600.00 | Laura Klimley |
| 6/7/2000 | National Westminster General | 49362 | $600.00 | Laura Klimley |
| 6/14/2000 | National Westminster General | 49422 | $600.00 | Laura Klimley |
| 6/21/2000 | National Westminster General | 49463 | $600.00 | Laura Klimley |
| 6/28/2000 | National Westminster General | 49516 | $600.00 | Laura Klimley |
| 7/5/2000 | National Westminster General | 49533 | $600.00 | Laura Klimley |
| 7/5/2000 | National Westminster Special | 01118 | $337.50 | Laura Klimley |
| 7/5/2000 | National Westminster Special | 01126 | $18.75 | Laura Klimley |
| 7/5/2000 | National Westminster Special | 1118 | $337.50 | Laura Klimley |
| 7/5/2000 | National Westminster Special | 1126 | $18.75 | Laura Klimley |
| 7/12/2000 | National Westminster General | 49593 | $600.00 | Laura Klimley |
| 7/12/2000 | National Westminster General | 49600 | $70.00 | Laura Klimley |
| 7/13/2000 | Hudson Valley National | 04967 | $2,242.50 | Laura Klimley |
| 7/20/2000 | National Westminster General | 49640 | $600.00 | Laura Klimley |
| 7/26/2000 | National Westminster General | 49681 | $600.00 | Laura Klimley |
| 8/2/2000 | National Westminster General | 49741 | $600.00 | Laura Klimley |
| 8/9/2000 | National Westminster General | 49780 | $600.00 | Laura Klimley |
| 8/16/2000 | National Westminster General | 49843 | $600.00 | Laura Klimley |
| 8/23/2000 | National Westminster General | 49888 | $600.00 | Laura Klimley |
| 8/30/2000 | National Westminster General | 49938 | $600.00 | Laura Klimley |
| 9/6/2000 | National Westminster General | 49985 | $600.00 | Laura Klimley |
| 9/13/2000 | National Westminster General | 50030 | $600.00 | Laura Klimley |
| 9/20/2000 | National Westminster General | 50080 | $600.00 | Laura Klimley |
| 9/27/2000 | National Westminster General | 50137 | $600.00 | Laura Klimley |
| 10/2/2000 | National Westminster Special | 01241 | $337.50 | Laura Klimley |
| 10/2/2000 | National Westminster Special | 01249 | $18.75 | Laura Klimley |
| 10/4/2000 | National Westminster General | 50200 | $2,242.50 | Laura Klimley |
| 10/5/2000 | National Westminster General | 50215 | $70.00 | Laura Klimley |
| 10/11/2000 | National Westminster General | 50254 | $300.00 | Laura Klimley |
| 10/19/2000 | National Westminster General | 50328 | $600.00 | Laura Klimley |
| 10/25/2000 | National Westminster General | 50380 | $600.00 | Laura Klimley |
| 11/1/2000 | National Westminster General | 50446 | $800.00 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 11/8/2000 | National Westminster General | 50514 | $600.00 | Laura Klimley |
| 11/15/2000 | National Westminster General | 50565 | $600.00 | Laura Klimley |
| 11/21/2000 | National Westminster General | 50622 | $700.00 | Laura Klimley |
| 12/1/2000 | National Westminster General | 50708 | $3,152.01 | Laura Klimley |
| 12/6/2000 | National Westminster General | 50768 | $600.00 | Laura Klimley |
| 12/13/2000 | National Westminster General | 50834 | $600.00 | Laura Klimley |
| 12/20/2000 | National Westminster General | 50908 | $600.00 | Laura Klimley |
| 12/27/2000 | National Westminster General | 50940 | $600.00 | Laura Klimley |
| 1/2/2001 | National Westminster Special | 01367 | $337.50 | Laura Klimley |
| 1/2/2001 | National Westminster Special | 01375 | $18.75 | Laura Klimley |
| 1/3/2001 | National Westminster General | 50995 | $300.00 | Laura Klimley |
| 1/4/2001 | Hudson Valley National | 04968 | $2,242.50 | Laura Klimley |
| 1/5/2001 | National Westminster General | 51025 | $70.00 | Laura Klimley |
| 1/9/2001 | National Westminster General | 51058 | $600.00 | Laura Klimley |
| 1/17/2001 | National Westminster General | 51114 | $600.00 | Laura Klimley |
| 1/24/2001 | National Westminster General | 51178 | $600.00 | Laura Klimley |
| 1/31/2001 | National Westminster General | 51238 | $1,000.00 | Laura Klimley |
| 2/7/2001 | National Westminster General | 51295 | $600.00 | Laura Klimley |
| 2/14/2001 | National Westminster General | 51346 | $600.00 | Laura Klimley |
| 2/21/2001 | National Westminster General | 51396 | $600.00 | Laura Klimley |
| 2/27/2001 | National Westminster General | 51417 | $600.00 | Laura Klimley |
| 3/7/2001 | National Westminster General | 51455 | $600.00 | Laura Klimley |
| 3/14/2001 | National Westminster General | 51530 | $600.00 | Laura Klimley |
| 3/21/2001 | National Westminster General | 51582 | $2,800.00 | Laura Klimley |
| 3/21/2001 | National Westminster General | 51583 | $600.00 | Laura Klimley |
| 3/28/2001 | National Westminster General | 51625 | $600.00 | Laura Klimley |
| 4/2/2001 | National Westminster Special | 01509 | $337.50 | Laura Klimley |
| 4/2/2001 | National Westminster Special | 01517 | $18.75 | Laura Klimley |
| 4/4/2001 | National Westminster General | 51681 | $600.00 | Laura Klimley |
| 4/10/2001 | National Westminster General | 51736 | $300.00 | Laura Klimley |
| 4/18/2001 | National Westminster General | 51779 | $1,342.50 | Laura Klimley |
| 4/18/2001 | National Westminster General | 51784 | $70.00 | Laura Klimley |
| 5/2/2001 | National Westminster General | 51880 | $600.00 | Laura Klimley |
| 5/2/2001 | National Westminster General | 51880 | $600.00 | Laura Klimley |
| 5/9/2001 | National Westminster General | 51941 | $600.00 | Laura Klimley |
| 5/16/2001 | National Westminster General | 51998 | $600.00 | Laura Klimley |
| 5/23/2001 | National Westminster General | 52048 | $1,189.32 | Laura Klimley |
| 5/30/2001 | National Westminster General | 52107 | $300.00 | Laura Klimley |
| 6/6/2001 | National Westminster General | 52172 | $600.00 | Laura Klimley |
| 6/13/2001 | National Westminster General | 52222 | $600.00 | Laura Klimley |
| 6/20/2001 | National Westminster General | 52281 | $600.00 | Laura Klimley |
| 6/27/2001 | National Westminster General | 52349 | $600.00 | Laura Klimley |
| 7/2/2001 | National Westminster Special | 1658 | $337.50 | Laura Klimley |
| 7/2/2001 | National Westminster Special | 01666 | $18.75 | Laura Klimley |
| 7/3/2001 | National Westminster General | 52378 | $600.00 | Laura Klimley |
| 7/11/2001 | National Westminster General | 52449 | $70.00 | Laura Klimley |
| 7/24/2001 | National Westminster General | 52545 | $600.00 | Laura Klimley |
| 8/7/2001 | National Westminster General | 52678 | $600.00 | Laura Klimley |
| 8/14/2001 | National Westminster General | 52722 | $600.00 | Laura Klimley |
| 8/22/2001 | National Westminster General | 52775 | $1,200.00 | Laura Klimley |
| 9/5/2001 | National Westminster General | 52868 | $600.00 | Laura Klimley |
| 9/12/2001 | National Westminster General | 52904 | $600.00 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 9/19/2001 | National Westminster General | 52931 | $600.00 | Laura Klimley |
| 9/26/2001 | National Westminster General | 52986 | $600.00 | Laura Klimley |
| 10/1/2001 | National Westminster Special | 01796 | $337.50 | Laura Klimley |
| 10/1/2001 | National Westminster Special | 01804 | $18.75 | Laura Klimley |
| 10/3/2001 | National Westminster General | 53024 | $2,242.50 | Laura Klimley |
| 10/10/2001 | National Westminster General | 53063 | $600.00 | Laura Klimley |
| 10/17/2001 | National Westminster General | 53136 | $400.00 | Laura Klimley |
| 10/23/2001 | National Westminster General | 53184 | $600.00 | Laura Klimley |
| 10/30/2001 | National Westminster General | 53222 | $600.00 | Laura Klimley |
| 10/30/2001 | National Westminster General | 53225 | $70.00 | Laura Klimley |
| 11/6/2001 | National Westminster General | 53274 | $600.00 | Laura Klimley |
| 11/6/2001 | National Westminster General | 53277 | $10,000.00 | Laura Klimley |
| 11/14/2001 | National Westminster General | 53330 | $600.00 | Laura Klimley |
| 11/19/2001 | National Westminster General | 53371 | $600.00 | Laura Klimley |
| 11/28/2001 | National Westminster General | 53466 | $800.00 | Laura Klimley |
| 12/5/2001 | Fleet General | 53516 | $600.00 | Laura Klimley |
| 12/12/2001 | Fleet General | 53580 | $600.00 | Laura Klimley |
| 12/18/2001 | Fleet General | 53626 | $1,200.00 | Laura Klimley |
| 12/18/2001 | Fleet General | 53629 | $100.00 | Laura Klimley |
| 1/2/2002 | Fleet General | 53667 | $600.00 | Laura Klimley |
| 1/2/2002 | National Westminster Special | 01989 | $337.50 | Laura Klimley |
| 1/2/2002 | National Westminster Special | 01997 | $18.75 | Laura Klimley |
| 1/9/2002 | Fleet General | 53718 | $200.00 | Laura Klimley |
| 1/10/2002 | National Westminster General | 4972 | $2,242.50 | Laura Klimley |
| 1/14/2002 | Fleet General | 53740 | $70.00 | Laura Klimley |
| 1/16/2002 | Fleet General | 53766 | $600.00 | Laura Klimley |
| 1/22/2002 | Fleet General | 53792 | $600.00 | Laura Klimley |
| 2/6/2002 | Fleet General | 53885 | $600.00 | Laura Klimley |
| 2/12/2002 | Fleet General | 53933 | $1,200.00 | Laura Klimley |
| 2/27/2002 | Fleet General | 53991 | $600.00 | Laura Klimley |
| 3/6/2002 | Fleet General | 54040 | $600.00 | Laura Klimley |
| 3/13/2002 | Fleet General | 54087 | $600.00 | Laura Klimley |
| 3/18/2002 | Fleet General | 54109 | $2,900.00 | Laura Klimley |
| 3/19/2002 | Fleet General | 54131 | $600.00 | Laura Klimley |
| 3/27/2002 | Fleet General | 54182 | $600.00 | Laura Klimley |
| 4/1/2002 | Fleet General | 54246 | $337.50 | Laura Klimley |
| 4/1/2002 | Fleet General | 54248 | $18.75 | Laura Klimley |
| 4/3/2002 | Fleet General | 54356 | $300.00 | Laura Klimley |
| 4/10/2002 | Fleet General | 54410 | $600.00 | Laura Klimley |
| 4/17/2002 | Fleet General | 54453 | $600.00 | Laura Klimley |
| 4/18/2002 | Fleet General | 54463 | $70.00 | Laura Klimley |
| 4/18/2002 | National Westminster General | 04975 | $2,242.50 | Laura Klimley |
| 4/29/2002 | Fleet General | 54523 | $300.00 | Laura Klimley |
| 5/1/2002 | Fleet General | 54553 | $600.00 | Laura Klimley |
| 5/8/2002 | Fleet General | 54596 | $600.00 | Laura Klimley |
| 5/15/2002 | Fleet General | 54642 | $600.00 | Laura Klimley |
| 5/22/2002 | Fleet General | 54684 | $600.00 | Laura Klimley |
| 5/24/2002 | Fleet General | 54499 | $600.00 | Laura Klimley |
| 5/28/2002 | Fleet General | 54714 | $600.00 | Laura Klimley |
| 6/4/2002 | Fleet General | 54770 | $600.00 | Laura Klimley |
| 6/11/2002 | Fleet General | 54837 | $600.00 | Laura Klimley |
| 6/19/2002 | Fleet General | 54873 | $1,189.32 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 7/1/2002 | Fleet General | 54990 | $400.00 | Laura Klimley |
| 7/1/2002 | Fleet General | 54991 | $337.50 | Laura Klimley |
| 7/1/2002 | Fleet General | 54993 | $18.75 | Laura Klimley |
| 7/1/2002 | Hudson Valley National | 4977 | $200.00 | Laura Klimley |
| 7/10/2002 | Fleet General | 55142 | $600.00 | Laura Klimley |
| 7/11/2002 | Hudson Valley National | 4978 | $2,242.50 | Laura Klimley |
| 7/15/2002 | Fleet General | 55161 | $70.00 | Laura Klimley |
| 7/16/2002 | Fleet General | 55179 | $1,200.00 | Laura Klimley |
| 7/30/2002 | Fleet General | 55239 | $1,000.00 | Laura Klimley |
| 8/7/2002 | Fleet General | 55307 | $600.00 | Laura Klimley |
| 8/12/2002 | Fleet General | 55328 | $600.00 | Laura Klimley |
| 8/14/2002 | Hudson Valley National | 4980 | $600.00 | Laura Klimley |
| 8/28/2002 | Fleet General | 55421 | $700.00 | Laura Klimley |
| 9/4/2002 | Fleet General | 55451 | $1,000.00 | Laura Klimley |
| 9/10/2002 | Fleet General | 55502 | $1,700.00 | Laura Klimley |
| 9/18/2002 | Fleet General | 55561 | $600.00 | Laura Klimley |
| 9/25/2002 | Fleet General | 55598 | $600.00 | Laura Klimley |
| 10/1/2002 | Fleet General | 55655 | $337.50 | Laura Klimley |
| 10/1/2002 | Fleet General | 55657 | $18.75 | Laura Klimley |
| 10/1/2002 | Hudson Valley National | 04981 | $2,242.50 | Laura Klimley |
| 10/2/2002 | Fleet General | 55771 | $300.00 | Laura Klimley |
| 10/11/2002 | Fleet General | 55823 | $70.00 | Laura Klimley |
| 10/16/2002 | Fleet General | 55856 | $600.00 | Laura Klimley |
| 10/22/2002 | Fleet General | 55894 | $600.00 | Laura Klimley |
| 10/28/2002 | Fleet General | 55913 | $800.00 | Laura Klimley |
| 11/6/2002 | Fleet General | 55997 | $600.00 | Laura Klimley |
| 11/13/2002 | Fleet General | 56033 | $600.00 | Laura Klimley |
| 11/20/2002 | Fleet General | 2597 | $700.00 | Laura Klimley |
| 11/25/2002 | Fleet General | 56109 | $600.00 | Laura Klimley |
| 12/4/2002 | Fleet General | 56160 | $600.00 | Laura Klimley |
| 12/9/2002 | Fleet General | 56182 | $553.25 | Laura Klimley |
| 12/11/2002 | Fleet General | 56203 | $600.00 | Laura Klimley |
| 12/18/2002 | Fleet General | 56260 | $1,800.00 | Laura Klimley |
| 1/2/2003 | Fleet General | 56397 | $337.50 | Laura Klimley |
| 1/2/2003 | Fleet General | 56399 | $13.75 | Laura Klimley |
| 1/8/2003 | Fleet General | 56523 | $300.00 | Laura Klimley |
| 1/13/2003 | Fleet General | 56553 | $600.00 | Laura Klimley |
| 1/16/2003 | Hudson Valley National | 04984 | $2,242.50 | Laura Klimley |
| 1/21/2003 | Fleet General | 56574 | $70.00 | Laura Klimley |
| 1/22/2003 | Fleet General | 56585 | $600.00 | Laura Klimley |
| 1/29/2003 | Fleet General | 56628 | $600.00 | Laura Klimley |
| 2/5/2003 | Fleet General | 56679 | $600.00 | Laura Klimley |
| 2/12/2003 | Fleet General | 56713 | $600.00 | Laura Klimley |
| 2/12/2003 | Fleet General | 56715 | $921.00 | Laura Klimley |
| 2/13/2003 | Fleet General | 56734 | $600.00 | Laura Klimley |
| 2/26/2003 | Fleet General | 56779 | $600.00 | Laura Klimley |
| 3/4/2003 | Fleet General | 56828 | $600.00 | Laura Klimley |
| 3/10/2003 | Fleet General | 56852 | $2,900.00 | Laura Klimley |
| 3/11/2003 | Fleet General | 56870 | $600.00 | Laura Klimley |
| 3/18/2003 | Fleet General | 56906 | $500.00 | Laura Klimley |
| 3/25/2003 | Fleet General | 56952 | $600.00 | Laura Klimley |
| 4/1/2003 | Fleet General | 57016 | $337.50 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 4/1/2003 | Fleet General | 57019 | $18.75 | Laura Klimley |
| 4/2/2003 | Fleet General | 57141 | $300.00 | Laura Klimley |
| 4/9/2003 | Fleet General | 57169 | $600.00 | Laura Klimley |
| 4/16/2003 | Fleet General | 57197 | $600.00 | Laura Klimley |
| 4/16/2003 | Hudson Valley National | 2900 | $2,242.50 | Laura Klimley |
| 4/23/2003 | Fleet General | 57229 | $600.00 | Laura Klimley |
| 4/23/2003 | Fleet General | 57231 | $70.00 | Laura Klimley |
| 4/29/2003 | Fleet General | 57259 | $1,200.00 | Laura Klimley |
| 5/2/2003 | Fleet General | 57303 | $600.00 | Laura Klimley |
| 5/7/2003 | Fleet General | 57333 | $600.00 | Laura Klimley |
| 5/14/2003 | Fleet General | 57372 | $600.00 | Laura Klimley |
| 5/21/2003 | Fleet General | 57411 | $600.00 | Laura Klimley |
| 5/28/2003 | Fleet General | 57445 | $600.00 | Laura Klimley |
| 6/4/2003 | Hudson Valley National | 1370 | $600.00 | Laura Klimley |
| 6/4/2003 | Hudson Valley National | 4990 | $600.00 | Laura Klimley |
| 6/9/2003 | Fleet General | 57517 | $600.00 | Laura Klimley |
| 6/17/2003 | Fleet General | 57558 | $600.00 | Laura Klimley |
| 6/24/2003 | Fleet General | 57600 | $600.00 | Laura Klimley |
| 7/1/2003 | Fleet General | 57681 | $337.50 | Laura Klimley |
| 7/1/2003 | Fleet General | 57682 | $262.50 | Laura Klimley |
| 7/8/2003 | Fleet General | 57838 | $600.00 | Laura Klimley |
| 7/15/2003 | Fleet General | 57878 | $600.00 | Laura Klimley |
| 7/22/2003 | Fleet General | 57935 | $600.00 | Laura Klimley |
| 7/28/2003 | Fleet General | 57961 | $70.00 | Laura Klimley |
| 7/29/2003 | Fleet General | 57972 | $600.00 | Laura Klimley |
| 7/29/2003 | Hudson Valley National | 4992 | $2,242.50 | Laura Klimley |
| 7/30/2003 | Fleet General | 57995 | $600.00 | Laura Klimley |
| 8/5/2003 | Fleet General | 58038 | $1,200.00 | Laura Klimley |
| 8/19/2003 | Fleet General | 58122 | $600.00 | Laura Klimley |
| 8/21/2003 | Fleet General | 58141 | $100.00 | Laura Klimley |
| 8/27/2003 | Fleet General | 58189 | $600.00 | Laura Klimley |
| 9/2/2003 | Fleet General | 58212 | $600.00 | Laura Klimley |
| 9/9/2003 | Fleet General | 58247 | $600.00 | Laura Klimley |
| 9/16/2003 | Fleet General | 58291 | $600.00 | Laura Klimley |
| 9/23/2003 | Fleet General | 58335 | $600.00 | Laura Klimley |
| 10/1/2003 | Fleet General | 58417 | $637.50 | Laura Klimley |
| 10/1/2003 | Fleet General | 58419 | $18.75 | Laura Klimley |
| 10/6/2003 | Fleet General | 2740 | $1,700.00 | Laura Klimley |
| 10/8/2003 | Fleet General | 58589 | $600.00 | Laura Klimley |
| 10/15/2003 | Fleet General | 58621 | $600.00 | Laura Klimley |
| 10/21/2003 | Fleet General | 58651 | $600.00 | Laura Klimley |
| 10/23/2003 | Fleet General | 58674 | $2,242.50 | Laura Klimley |
| 11/4/2003 | Fleet General | 58753 | $1,100.00 | Laura Klimley |
| 11/7/2003 | Fleet General | 2754 | $1,000.00 | Laura Klimley |
| 11/11/2003 | Fleet General | 58792 | $600.00 | Laura Klimley |
| 11/19/2003 | Fleet General | 58859 | $700.00 | Laura Klimley |
| 11/24/2003 | Fleet General | 58899 | $600.00 | Laura Klimley |
| 12/2/2003 | Fleet General | 58940 | $600.00 | Laura Klimley |
| 12/9/2003 | Fleet General | 59003 | $600.00 | Laura Klimley |
| 12/16/2003 | Fleet General | 59043 | $600.00 | Laura Klimley |
| 1/5/2004 | Fleet General | 59171 | $337.50 | Laura Klimley |
| 1/5/2004 | Fleet General | 59173 | $18.75 | Laura Klimley |

| | | | | |
|---|---|---|---|---|
| 1/6/2004 | Fleet General | 59292 | $300.00 | Laura Klimley |
| 1/23/2004 | Fleet General | 59403 | $2,242.50 | Laura Klimley |
| 1/23/2004 | Fleet General | 59405 | $70.00 | Laura Klimley |
| 2/9/2004 | Fleet General | 59493 | $700.00 | Laura Klimley |
| 2/24/2004 | Fleet General | 59552 | $1,000.00 | Laura Klimley |
| 3/1/2004 | Fleet General | 59580 | $300.00 | Laura Klimley |
| 3/1/2004 | Fleet General | 59581 | $3,400.00 | Laura Klimley |
| 3/9/2004 | Fleet General | 59629 | $600.00 | Laura Klimley |
| 3/15/2004 | Fleet General | 59652 | $600.00 | Laura Klimley |
| 3/30/2004 | Fleet General | 59750 | $600.00 | Laura Klimley |
| 4/1/2004 | Fleet General | 59802 | $337.50 | Laura Klimley |
| 4/1/2004 | Fleet General | 59804 | $18.75 | Laura Klimley |
| 4/5/2004 | Fleet General | 59923 | $400.00 | Laura Klimley |
| 4/5/2004 | Fleet General | 59924 | $1,842.50 | Laura Klimley |
| 4/5/2004 | Fleet General | 59925 | $70.00 | Laura Klimley |
| 4/28/2004 | Fleet General | 60042 | $1,400.00 | Laura Klimley |
| 5/14/2004 | Fleet General | 60109 | $600.00 | Laura Klimley |
| 5/20/2004 | Fleet General | 60128 | $1,300.00 | Laura Klimley |
| 5/26/2004 | Fleet General | 60148 | $600.00 | Laura Klimley |
| 6/29/2001 | National Westminster General | 2515 | $255.60 | Laura Klimley Draw |
| 8/1/2001 | National Westminster General | 2519 | $800.00 | Laura Klimley Draw |

From 1999 until 2004, these payments were made to Klimley, although Klimley claimed not to be owed money by the Company and likewise claimed to have no active role with the Company.

21. The Company likewise made at least $2,434,992.00 of advances and loans to Alicia Eimicke, Maxine Eimicke and Victor Eimicke during this period and at a time that Defendants Klimley, Palmero and Maxine Eimicke had actual knowledge that the Company was insolvent. The officers and directors of the Company, including said Defendants, had full knowledge of these payments as they were clearly reflected in the financial records of the Company. Defendants Klimley, Palmero and Maxine Eimicke reviewed, approved and/or ratified these payments although said Defendants knew these payments to be improper. Furthermore, the recipients of said loans and advances did not repay these loans and advances and had no intention of repaying these loans and advances; a fact known to said Defendants at the time that said loans were reviewed, approved and/or ratified.

22. In addition to the aforesaid payments, the Company during these years, at the direction of the officers and directors of the Company, including Defendants Klimley, Palmero and Maxine Eimicke, permitted Klimley, Maxine Eimicke and Alicia Eimicke run up hundreds of thousands of dollars of charges on the Company's American Express Card for personal expenses which the Company paid. The Company, at the direction of the officers and directors of the Company, including said Defendants, also paid for Maxine Eimicke's, Alicia Eimicke's and Klimley's health insurance; gave Alicia Eimicke the use of corporate vehicles at Company expense; permitted Klimley to utilize the Company's staff to run personal errands and conduct personal business; paid for the personal expenses of Maxine Eimicke and Alicia Eimicke including, automobile services, dining, medical bills, vacations; made large "charitable" donations to the Foundation and other like and equally improper expenditures.

23. On at least a yearly basis, the officers and directors of the Company would meet and approve the continuation of the Company's illegal Note Program; approve the Company's aforesaid illegal dividends and excessive salaries; and review detailed financial records of the Company prepared by Palmero, including but not limited to balance sheets and state and federal income tax returns, that clearly demonstrated the continuing and ever deepening insolvency of the Company; the expansion of the illegal Note Program and the existence of the aforesaid illegal salaries, loans and advances. Specifically, these meeting were held as follows:

(a) Meeting of the Directors on December 5, 1990 at the University Club in New York, New York. At this meeting, at which Alicia Eimicke, Klimley and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley and Maxine Eimicke, approved a dividend of 70 cents a share of common stock; salaries of $147,832.88 to Alicia Eimicke and $118,143.16 to Klimley, and payments of $42,000.00 to Hereford.

(b) Meeting of the Directors on December 4, 1991 at the offices of the Company at East Grassy Sprain Road, Yonkers, New York (hereinafter "Grassy Sprain"). At this meeting, at which Alicia Eimicke, Klimley, Maxine Eimicke and Palmero were in attendance, the directors, including Alicia Eimicke, Klimley and Maxine Eimicke, approved a dividend of 70 cents per share of common stock; a dividend of $2.50 per share of preferred stock; salaries of $112,396.38 to Alicia Eimicke and $120,970.16 for Laura Klimley, and payments of $42,000.00 to Hereford.

(c) Meeting of the Directors on December 2, 1992 at Grassy Sprain. At this meeting, at which Alicia Eimicke, Klimley, Maxine Eimicke and Palmero were in attendance, the directors, including Alicia Eimicke, Klimley and Maxine Eimicke, approved a dividend of 70 cents per share of common stock; a dividend of $2.50 per share of preferred stock; salaries of 141,124.88 to Alicia Eimicke; $114,029.24 for Laura Klimley; $550,000.00 for Victor Eimicke and $50,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(d) Meeting of the Directors on December 1, 1993 at Grassy Sprain. At this meeting, at which Alicia Eimicke, Klimley, Maxine Eimicke and Palmero were in attendance, the directors, including Alicia Eimicke, Klimley and Maxine Eimicke, approved a dividend of 70 cents per share of common stock; a dividend of $2.50 per share of preferred stock; salaries of 188,078.82 to Alicia Eimicke; $115,546.86 for Laura Klimley; $550,000.00 for Victor Eimicke and $50,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(e) Meeting of the Directors on December 7, 1994 at the home of Alicia Eimicke (524 East 72 Street, New York, New York). At this meeting, at which Alicia Eimicke, Klimley, and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley and Maxine Eimicke, approved a dividend of $2.50 per share of preferred stock;

salaries of $218,000.00 to Alicia Eimicke; $116,000.00 for Laura Klimley; $570,000.00 for Victor Eimicke and $52,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(f) Meeting of the Directors on December 5, 1995 at the home of Victor and Maxine Eimicke on Hereford Road, Yonkers, New York (hereinafter "Hereford Road"). At this meeting, at which Alicia Eimicke, Klimley, and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley and Maxine Eimicke, approved a dividend of $2.50 per share of preferred stock; salaries of $175,000.00 to Alicia Eimicke; $56,000.00 for Laura Klimley; $573,000.00 for Victor Eimicke and $52,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(g) Meeting of the Directors on December 4, 1996 at Hereford Road. At this meeting, at which Alicia Eimicke, Klimley, and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley and Maxine Eimicke, approved a dividend of $2.50 per share of preferred stock; salaries of $141,000.00 to Alicia Eimicke; $43,000.00 for Laura Klimley; $578,000.00 for Victor Eimicke and $52,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(h) Meeting of the Directors on December 3, 1997 at Hereford Road. At this meeting, at which Alicia Eimicke, Klimley, and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley and Maxine Eimicke, approved a dividend of $2.50 per share of preferred stock; salaries of $140,000.00 to Alicia Eimicke; $36,000.00 for Laura Klimley; $620,000.00 for Victor Eimicke and $56,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(i) Meeting of the Directors on December 2, 1998 at Hereford Road. At this meeting, at which Alicia Eimicke, Klimley, and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley and Maxine Eimicke, approved a dividend of

$2.50 per share of preferred stock; salaries of $140,000.00 to Alicia Eimicke; $649,000.00 for Victor Eimicke and $59,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(j) Meeting of the Directors on December 1, 1999 at Hereford Road. At this meeting, at which Alicia Eimicke, Klimley, and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley and Maxine Eimicke, approved a dividend of $2.50 per share of preferred stock; salaries of $155,000.00 to Alicia Eimicke; $550,000.00 for Victor Eimicke and $50,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(k) A special meeting of the Directors on September 5, 2000, immediately following the death of Victor Eimicke, at Grassy Sprain. At this meeting at which Alicia Eimicke, Klimley, Palmero and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley, Palmero and Maxine Eimicke approved the appointment of Alicia Eimicke to take her late father's position as president of the Company.

(l) Meeting of the Directors on December 6, 2000 at Grassy Sprain. At this meeting, at which Alicia Eimicke, Klimley, Palmero and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley, Palmero and Maxine Eimicke, approved a dividend of $2.50 per share of preferred stock; salaries of $350,000.00 to Alicia Eimicke and $200,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(m) Meeting of the Directors on December 5, 2001 at Grassy Sprain. At this meeting, at which Alicia Eimicke, Klimley, Palmero and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley, Palmero and Maxine Eimicke, approved a dividend of $2.50 per share of preferred stock; salaries of $390,000.00 to Alicia Eimicke and $200,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(n) Meeting of the Directors on December 4, 2002 at Grassy Sprain. At this meeting, at which Alicia Eimicke, Klimley, Palmero and Maxine Eimicke were in attendance,

the directors, including Alicia Eimicke, Klimley, Palmero and Maxine Eimicke, approved a dividend of $2.50 per share of preferred stock; salaries of $390,000.00 to Alicia Eimicke and $200,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford.

(o) Meeting of the Directors on December 3, 2003 at Grassy Sprain. At this meeting, at which Alicia Eimicke, Klimley, Palmero and Maxine Eimicke were in attendance, the directors, including Alicia Eimicke, Klimley, Palmero and Maxine Eimicke, approved a dividend of $2.50 per share of preferred stock; salaries of $350,000.00 to Alicia Eimicke and $200,000.00 for Maxine Eimicke, and payments of $42,000.00 to Hereford. At this meeting the directors also accepted the resignation of Palmero, who resigned as a director as of December 2, 2003.

At each of the aforesaid meetings, the directors listed in attendance each executed a waiver of notice of meeting and verbally delivered a report in connection with the affairs of the Company. True copies of these meeting minutes are affixed hereto collectively as Exhibit "B".

24. In addition to attending meetings of the Board of Directors, Alicia Eimicke, Klimley and Maxine Eimicke, likewise attended annual meetings of the shareholders of the Company. These meetings were held on the same day as the aforesaid meetings of the Board of Directors. At each such meeting, Alicia Eimicke, Klimley and Maxine Eimicke would appoint themselves directors for the upcoming year and approve the financial records of the Company which clearly disclosed the gross insolvency of the Company; the continued existence and expansion of the Company's illegal Note Program and the increasing inability of the Company to service the interest on the existing Notes let alone pay them off when they became due. Additionally, in some instances, the Company agreed to pay the directors $500.00 for their appearance at this meeting.

25. In 1982, the Klimley formed Defendant Hereford as its sole incorporator in order to serve as the Company's collection agency. At all times Alicia Eimicke and Klimley were the sole shareholders of the Company (50% each). Although, the Company utilized the offices, staff, equipment, services and supplies of the Company, for which the Company paid, the Company paid Hereford the sum of $42,000.00 each year from 1990 until and including 2003 as outlined above. Although Klimley claims to have little knowledge of Hereford and no knowledge that Hereford had a duty to make payments to her, Hereford paid both Klimley and Alicia Eimicke a salary each year and likewise paid a dividend. These salaries and dividends roughly totaled the amount of the payment from the Company to Hereford each year and were paid at least in part by monies generated from the Company's illegal Note Program.

26. In an effort to avoid the payment of state and federal income tax, Victor Eimicke, with the full knowledge and consent of Defendants Klimley, Palmero and Maxine Eimicke often, during the time period of 1990-2000, declined to pay himself the salary for which the Board of Directors had concluded, abet wrongfully, that he was entitled and instead took large "loans" from the Company in the approximate amount of the salary that the Board had determined was due. At the time these loans were made said Defendants knew that Victor Eimicke had no intention to repay these loans.

27. In a further effort to avoid the payment of state and federal income tax, Victor and Maxine Eimicke established the "Foundation." Victor and Maxine Eimicke made "gifts" of Notes to the Foundation including the following:

| | |
|---|---|
| I-098 | $100,000.00 |
| I-116 | $ 500.00 |
| I-115 | $ 10,000.00 |
| I-108 | $ 10,000.00 |

| | |
|---|---|
| I-109 | $ 1,000.00 |
| I-110 | $ 1,000.00 |
| I-111 | $ 1,000.00 |
| I-112 | $ 1,000.00 |
| I-113 | $ 500.00 |
| I-120 | $100,000.00 |
| I-121 | $ 14,500.00 |
| I-122 | $ 10,500.00 |

Defendants Klimley, Palmero and Maxine Eimicke authorized large interest payments in the amount of 15% per annum to the Foundation in connection with these notes from 1990 up to and including 2003. These payments were made in substantial part from the proceeds of the Company's illegal Note Program and utilized in part for the personal benefit of Maxine and Victor Eimicke.

28. Although the financial records of the Company left no doubt in connection with the abysmal financial condition of the Company, in the event that the officers and directors needed further verification of the financial status of the Company they did not need to look any further than the memorandum that was sent to her by the Company's attorneys on August 28, 2001. A review of this memorandum indicates that as of August, 2001, the Company had a "significant net operating losses totally approximately $8.6 million". At this time, according to Hall Dickler, the Company's attorneys, the Company was worth $11 million and had liabilities of more than double that in the approximate amount of $ 24 million; $18 million of which represented "interest-bearing obligations to third party lenders" (i.e. the Note Program). Armed with this straight forward, plain-english, analysis of VWE's gloomy financials, a copy of which was forward to Defendants Klimley, Palmero and Maxine Eimicke, the said

Defendants could not deny the fact that the Company was deeply insolvent. A true copy of this report is attached herewith as Exhibit "C."

29. Despite having access to the aforesaid detailed financial records of the Company, Defendants Klimley, Palmero and Maxine Eimicke instituted and maintained a policy of not disseminating the aforesaid financial information in connection with the Company to its creditors, including Plaintiffs. Indeed accurate financial information was never provided to the investors in the Note Program. The Company, at the direction of said Defendants, consistently explained to the Plaintiffs and other investors that this practice was not uncommon among "family businesses" and not something to be concerned about given the "long and profitable nature" of the Company. These representations were made and policies maintained in order to actively conceal the true adverse nature of the Company's financial affairs and the misuse of the assets of the Company by the said Defendants and Victor Eimicke.

30. While the Company actively withheld financial information from the Plaintiffs, the Company, at the direction of officers and directors of the Company, including Defendants Klimley, Palmero and Maxine Eimicke, actively encouraged Plaintiffs to invest in the Company both in person and by telephone in New York and New Jersey by making false and misleading statements in regards to the financial status of the Company.

31. The aforesaid Notes of the Company purchased by the Plaintiffs constitute securities as defined in the Securities Act of 1933, specifically Section 2(1) of the Act, 15 U.S.C.A. § 77b(1). At no time have they been classified as exempt securities under that Act, nor were their sales classified as exempt under the Act.

32. Neither preceding the sales described in this Complaint, nor during negotiation for the sales, did the Company, or its officers and directors, including Defendants Klimley, Palmero

and Maxine Eimicke, who controlled the Company, procure express or implied authorization from the Securities and Exchange Commission to sell the above-described securities.

33. At no time did Company or its officers and directors or advisors, including Defendants Klimley, Palmero and Maxine Eimicke, who controlled the Company, comply with the requirements of the Securities Act of 1933, or the regulations promulgated under the Act with respect to the sale or offering for sale of the above-described securities, by filing in the office of the Securities and Exchange Commission any statements of documents required by the Act.

34. At all material times, Defendants Klimley, Palmero and Maxine Eimicke knew or in the alternative recklessly disregarded the adverse information in connection with the Company's losses; excessive officers salaries and compensation; failured to register the subject Notes and make the required disclosures; inability to service the Notes and the insolvency of the Company as described above, and purposely failed to disclose this information to Plaintiffs and the other investors in the Note Program although said Defendants had a clear duty to do so.

35. At all relevant times Defendants Klimley, Palmero and Maxine Eimicke had an obligation to monitor the activities of each other, and Alicia Eimicke and Victor Eimicke and had a duty to take affirmative steps to stop the spread of false and misleading information, illegal activity and theft by said individuals. Although, however, said Defendants were aware of the false and misleading statements made by the other Defendants, Alicia Eimicke and Victor Eimicke, said Defendants chose to actively assist said individuals in the dissemination of the aforesaid false information and criminal theft as opposed to making any effort to stop the same.

36. Defendant had the opportunity to and did in fact commit and participate in the fraud described herein. As control persons, Defendants Klimley, Palmero and Maxine Eimicke controlled the Company's programs, corporate reporting, contacts and communication with

investors, SEC filings or the lack thereof, and other like and material aspects of the Company's operations and disclosures.

37. Defendants Klimley, Palmero and Maxine Eimicke had the motive to commit and participate in the fraud described herein. Said Defendants wanted to and did cover up the undeniable fact that the Note Program was a self serving ponzi scheme, used to support the lavish lifestyles of the Defendants and the Eimicke family. Further each said Defendant had motive to commit and participate in the aforesaid fraud in order to continue the scheme for to stop the same, without having the funds to pay the noteholders, would have revealed the scheme and led to potential civil and/or criminal liability to the said Defendants and the Eimicke family.

38. As a direct and proximate result of the aforesaid false and misleading statements and Defendants' failure to disclosure the aforesaid non-public adverse information, Plaintiffs invested in the Company in amounts as follows:

| **Name** | **VWE Debenture #** | **Date** | **Amount** |
|---|---|---|---|
| Leona Sissel[1] (Central State Bank) | N-011 | 3/12/04 | $5,000.00 |
| Leona, Kent and Tim Sissel | N-012 | 3/19/04 | $5,000.00 |
| Leona, Kent and Tim Sissel | N-013 | 3/19/04 | $5,000.00 |
| Leona, Kent and Tim Sissel | N-014 | 3/19/04 | $5,000.00 |
| Leona, Kent, Tim Sissel And Holly Vroman | N-017 | 3/28/04 | $5,000.00 |
| Leona, Kent, Tim Sissel And Holly Vroman | N-018 | 4/12/04 | $5,000.00 |
| Leona and Kent Sissl | N-019 | 4/12/04 | $10,000.00 |
| Leona and Kent Sissel | H-2 | | $5,000.00 |

[1] Leona Sissel is deceased. The investments of Leona Sissel are presently owned in equal shares by D. Kent and Timothy Sissel.

| | | | |
|---|---|---|---|
| And Holly Vroman<br>(reinvested on 3/28/99 by way of I-10-035 then N-017 | | | |
| Leona, Kent and Tim Sissel<br>And Holly Vroman | I-10-038 | 4/12/99 | $5,000.00 |
| Leona, Kent and Tim Sissel<br>(reinvested on 4/12/2004 by way of N-019) | I-10-039 | 4/12/99 | $10,000.00 |
| Kent Sissel | I-11-030 | 1/3/00 | $40,000.00 |
| Leona, Kent and Tim Sissel | I-14-007 | 2/7/02 | $5,000.00 |
| Leona, Kent and Tim Sissel | I-14-008 | 2/7/02 | $5,000.00 |
| Leona, Kent and Tim Sissel | I-14-009 | 2/7/02 | $5,000.00 |
| Leona, Kent and Tim Sissel | I-14-059 | 1/29/03 | $20,000.00 |
| Leona, Kent and Tim Sissel | I-15-005 | 6/17/03 | $25,000.00 |
| Leona Sissel<br>(Central State Bank) | I-15-014 | 7/1/03 | $20,000.00 |
| Leona Sissel<br>(Central State Bank) | I-15-015 | 7/1/03 | $20,000.00 |
| Leona Sissel<br>(Central State Bank) | I-15-016 | 7/1/03 | $20,000.00 |
| Leona Sissel<br>(Central State Bank) | I-15-017 | 7/1/03 | $20,000.00 |
| Leona Sissel<br>(Central State Bank) | I-15-018 | 7/1/03 | $20,000.00 |
| Leona Sissel<br>(Central State Bank) | I-15-019 | 7/1/03 | $9,000.00 |
| Amanda White | I-15-007 | 6/30/03 | $20,000.00 |
| Amanda White | N-021 | 4/15/04 | $75,000.00 |
| Lila Siering | I-14-025 | 5/1/02 | $10,000.00 |
| Theo M. Siering | I-14-026 | 5/1/02` | $10,000.00 |
| Herman C. Baker, IRA | I-12-004 | 9/8/00 | $50,000.00 |

| | | | |
|---|---|---|---|
| Herman C. Baker, IRA | | 9/18/00 | $20,000.00 |
| Herman C. Baker, IRA | | 9/18/00 | $75,000.00 |
| Herman C. Baker, IRA | I-12-035 | 4/20/01 | $25,000.00 |
| Herman C. Baker, IRA | I-12-042 | 10/2/01 | $30,000.00 |
| Herman C. Baker, IRA | I-14-013 | 2/11/02 | $15,000.00 |
| Renee Baker, IRA | | | $20,000.00 |
| Joan M. Baker, IRA | | 9/18/00 | $25,000.00 |
| Joan M. Baker, IRA | I-12-003 | 9/18/00 | $30,000.00 |
| Joan M. Baker, IRA | I-12-034 | 4/20/01 | $15,000.00 |
| Joan M. Baker, IRA | I-12-042 | 10/2/01 | $20,000.00 |
| Joan M. Baker, IRA | I-14-012 | 2/11/02 | $10,000.00 |
| Dalles or Margaret Tiecke (reinvested on 2/3/99 by way of I-6-032) | I-4-031 | 2/13/94 | $20,000.00 |
| Dalles or Margaret Tiecke | I-6-030 | 8/22/97 | $20,000.00 |
| Dean L. or Margaret Tiecke (reinvested on 12/8/02 by way of I-14-048) | I-9-002 | 12/8/97 | $30,000.00 |
| Dean L. or Margaret Tiecke (reinvested on 4/23/03 by way of I-14-067) | I-9-012 | 4/23/98 | $10,000.00 |
| Dalles or Margaret Tiecke (Transferred as W I-6 to I-12) | I-10-047 | 9/23/99 | $15,000.00 |
| Margaret A. Tiecke | I-11-046 | 4/3/00 | $40,000.00 |
| Margaret A. Tiecke (Transfer on death of Dalles) | I-12-022 | 1/1/01 | $13,750.00 |
| Lori J. Ulch (Transfer on death of Dalles) | I-12-023 | 1/1/01 | $13,750.00 |
| Jay D. Tiecke (Transfer on death of Dalles) | I-12-024 | 1/1/01 | $13,750.00 |

| | | | |
|---|---|---|---|
| Lori J. Ulch | I-12-051 | 1/22/02 | $5,250.00 |
| Margaret A. Tiecke | I-14-006 | 2/7/02 | $20,000.00 |
| Kenneth and Constance Leimkuehler Revokable Living Trust | N-010 | 3/15/04 | $100,000.00 |
| Kenneth Leimkuehler (reinvested on 1/1/04 by way of I-16-001) Transferred to Trust Save Maturity | I-10-033 | 3/15/99 | $100,000.00 |
| Kenneth Leimkuehler (reinvested on 1/1/04 by way of I-16/002) Transferred to Trust Save Maturity | I-12-001 | 9/1/00 | $50,000.00 |
| Kenneth and Constance Leimkuehler (reinvested on 1/1/04 by way of I-16-005) Transferred to Trust Save Maturity | I-14-014 | 2/22/02 | $100,000.00 |
| Kenneth and Constance Leimkuehler (reinvested on 1/1/04 by way of I-16-006) Transferred to Trust Save Maturity | I-14-036 | 9/3/02 | $100,000.00 |
| Kenneth and Constance Leimkuehler (reinvested on 1/1/04 by way of I-16-003) Transferred to Trust Save Maturity | I-13-002 | 4/23/01 | $50,000.00 |
| Kenneth and Constance Leimkuehler (reinvested on 1/1/04 by way of I-16-004) Transferred to Trust Save Maturity | I-13-017 | 10/1/01 | $50,000.00 |
| James E. Arrowwood, Roth IRA | N-024 | 4/19/04 | $5,000.00 |
| Regeana K. Arrowwood, Roth IRA | N-025 | 4/19/04 | $5,000.00 |
| Helen Rehwaldt | I-13-025 | 12/18/01 | $10,000.00 |
| Sally Black | I-12-032 | 4/13/01 | $10,000.00 |
| Sally Black | I-12-038 | 7/30/01 | $ 5,000.00 |

| | | | |
|---|---|---|---|
| Beth King Mason | I-12-025 | 1/1/01 | $13,750.00 |
| Darin & Darlene Oeter | | 12/9/03 | $17,694.14 |
| Chelsea & Darlene Oeter | | 12/9/03 | $17,694.14 |

The principal amounts of the aforesaid investments, plus interest at the rate of 15% per annum (the amount of interest set forth in the subject debentures) are presently due and owing Plaintiffs.

39. The Company has admitted that the Plaintiffs invested the aforesaid sums in the Note Program and that as of the time of Company's bankruptcy filing said sums were unpaid. These admissions are contained in the Company's Schedule F of its June, 2004 filing in the United States Bankruptcy Court for the Southern District of New York.

40. Plaintiffs relied on the aforesaid representations to their detriment and would not have invested any sum with the Company in the event that the true nature of the Company's financial affairs and illegal activities were disclosed. Instead, in reliance on said representations of the Defendants Klimley, Palmero and Maxine Eimicke, Plaintiffs invested with the Company.

41. Given the current financial condition of the Company and Defendants' aforesaid unlawful practices there is little or no possibility that the Company will successfully emerge from its Chapter 11 bankruptcy filing or generate any meaningful sum from the sale of its assets for the repayment of Plaintiffs.

42. In November, 2004, an involuntary bankruptcy proceeding was commenced against Defendant Maxine Eimicke in the United States Bankruptcy Court for the Southern District of New York, Case No. 04-23765. By way of this bankruptcy filing, Maxine Eimicke admits to being personally liable for all of the above listed debts as she specifically disclosed the Plaintiffs herein as creditors and set forth the amounts owed to Plaintiffs as the amounts listed

above plus interest through and including the date of her bankruptcy filing. Due to her repeated attempts to conceal her assets from the United States Trustee, Maxine Eimicke was denied a discharge on May 15, 2008 thus permitting this action to proceed against her.

43. In October, 2007, Alicia Eimicke was criminally indicted on 35 counts of theft over $50,000.00, securities fraud and racketeering. On March 28, 2008, Alicia Eimicke pled guilty to all 35 counts thereby admitting that she had stolen, while president of the Company and while under the control and supervision of Defendants, over 9 million dollars from investors in the Note Program, including Plaintiffs, as part of the Company's illegal ponzi scheme. Defendants each either knew or should have known of Alicia Eimicke's theft as the amounts of Alicia Eimicke's withdrawals were clearly reflected in the financial records of the Company which were prepared by Palmero and reviewed and approved by Maxine Eimicke and Klimley. Despite this knowledge, however, and despite having the power to do so, Defendants made no efforts to stop Alicia Eimicke in her criminal pursuits and in fact both directly and indirectly actively encouraged her to continue. Indeed, Plaintiffs state upon information and belief that a substantial portion of the money that Alicia Eimicke admitted to stealing was used to make the illegal distributions to Klimley and Maxine Eimicke set forth above.

**FIRST CAUSE OF ACTION**
**(Violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5)**

44. Plaintiffs incorporate the averments set forth in paragraphs one (1) through forty-three (43) of the Complaint as if fully rewritten hereunder.

45. As set forth above, the Company, and its officers and directors and advisors, including Defendants Klimley, Palmero and Maxine Eimicke, have employed the aforesaid devices, schemes and artifices in a deliberate effort to defraud the investors in the Note Program, including Plaintiffs.

46. As further set forth above, the Company, and its officers and directors and advisors, including Defendants Klimley, Palmero and Maxine Eimicke, have deliberately made false statements in connection with the financial status of the Company and omitted key financial data that they had a duty to disclose in an attempt to defraud the investors in the Note Program, including Plaintiffs.

47. As further set forth above, the Company, or its officers and directors, including Defendants Klimley, Palmero and Maxine Eimicke, have engaged in acts, practices and in a willful course of business in order to practice a fraud and otherwise deceive the investors in the Note Program, including Plaintiffs.

48. By reason of the foregoing, Defendants Klimley, Palmero and Maxine Eimicke have violated Rule 10b-5 of the Security Exchange Act of 1934.

49. Plaintiffs state that Defendants Klimley, Palmero and Maxine Eimicke actively concealed from Plaintiffs the nature and extent of their fraud and scope of their involvement in the Company. Said involvement was not discovered and could not have been reasonably discovered by Plaintiffs until at the earliest the closure of the Company in July, 2006.

50. As a direct and proximate result of said violations, Plaintiffs have been damaged in the amounts set forth herein.

## SECOND CAUSE OF ACTION
**(Violation of Section 20(a) of the Securities Exchange Act of 1934)**

51. Plaintiffs incorporate the averments contained in paragraphs one (1) through fifty (50) of the Complaint as if fully rewritten hereunder.

52. Defendants Klimley, Palmero and Maxine Eimicke acted as a controlling person of the Company within the meaning of § 20(a) of the Securities Exchange Act and had the power and influence and exercised the same to cause the Company to engage in the violations of the Securities Exchange Act set forth above.

53. As a direct and proximate result of said violations, Plaintiffs have been damaged in the amounts set forth herein.

**THIRD CAUSE OF ACTION**
**(Fraud)**

54. Plaintiffs incorporate the averments set forth in paragraphs one (1) through fifty-three (53) of the Complaint as if fully rewritten hereunder.

55. Plaintiffs further state that at the time that Plaintiffs made their aforesaid investments in the Company, the Company was insolvent. As a result of said insolvency, Defendants Klimley, Palmero and Maxine Eimicke owed a fiduciary duty to creditors of the Company, including but not limited to Plaintiffs, to disclose the true financial condition of the Company.

56. Plaintiffs state that Defendants Klimley, Palmero and Maxine Eimicke purposely with intent to defraud Plaintiffs, failed to disclose and in fact took steps to actively conceal the true financial status of the Company from Plaintiffs. Furthermore, Defendants Klimley, Palmero and Maxine Eimicke all actively, and with intent to defraud Plaintiffs, actively aided in the spread of the aforesaid false and misleading statements in connection with the financial status of the Company. Still further the Defendants actively concealed and failed to disclose to Plaintiffs the purposes for which Plaintiffs funds were to be used.

57. Plaintiffs further state that Plaintiffs reasonably relied on the misrepresentations and believed that as they had been told that they were "friends of the family" that their interests were being actively protected by Defendants Klimley, Palmero and Maxine Eimicke. In the absence of these representations and/or in the event that Plaintiffs knew the true financial condition of the Company and/or the manner in which said Defendants caused their funds to be utilized, Plaintiffs would not have invested in the Company.

58. Plaintiffs further state that as a direct and proximate result of said misrepresentations and willful omissions, Plaintiffs have suffered harm in the amounts of their aforesaid

investments, the loss of business opportunity, loss of quality of life, loss of financial security, extreme emotional distress and other like and similar harms.

**FOURTH CAUSE OF ACTION**
**(Recovery of Fraudulent Conveyances)**

59. Plaintiffs incorporate the averments set forth in paragraphs one (1) through fifty-eight (58) of the Complaint as if fully rewritten hereunder.

60. All payments and transfers to Alicia Eimicke, Maxine Eimicke, Klimley, Hereford and the Foundation as set forth above made within five (5) years of the date of this Complaint were made in violation of Iowa Code § 684 et seq. as they (a) constitute transfers of an interest of the property acquired by the Company; (b) at a time when the Company was insolvent and was left with an unreasonably small amount of capital with which to conduct its business; (c) with actual intent to hinder, delay and defraud the creditors of the Company, including Plaintiffs; and (d) without receipt by the Company of fair consideration from the transfee.

61. As a direct and proximate result of said fraudulent transfers, Plaintiffs have been damaged in the full amount of Plaintiffs' investments plus interest at the rate of 15% per annum and reasonable attorneys' fees.

**FIFTH CAUSE OF ACTION**
**(Waste of Corporate Assets)**

62. Plaintiffs incorporate the averments set forth in paragraphs one (1) through sixty - one (61) of the Complaint as if fully set forth herein.

63. Defendants Klimley, Palmero and Maxine Eimicke wasted the assets of the Company in following respects:

a. by failing to act in the best interest of the Company and its creditors, including Plaintiffs;

b. by failing to protect the Company's assets for the benefit of its creditors, including Plaintiffs;

c. by transferring or permitting the transfer of the Company's assets to or for the benefit of themselves and/or the Eimicke family;

d. by failing to carry out their duties as officers and directors with reasonable care and prudence;

e. by directing the affairs of the Company for their personal benefit and for the benefit of the Eimicke family;

f. by permitting and encouraging Alicia Eimicke to steal over nine million dollars from the creditors of the Company for their benefit and the benefit of Alicia Eimicke and the Eimicke family.

g. by failing to exercise the independent judgment required of directors and officers under Iowa and New York law;

h. by receiving the benefit or and/or authorizing and/or ratifying the aforesaid illegal loans, advances, salaries and dividends;

i. by causing and/or permitting the issuance of the Notes and the continuation and expansion of the Note Program, including but not limited to the said Notes issues to Plaintiffs.

64. The aforesaid actions and omissions constitute corporate waste and violations of their duties under New York Business Corporation Law and Iowa law for which Defendants Klimley, Palmero and Maxine Eimicke are personally liable to Plaintiffs up to and including the full amount of Plaintiffs investment plus interest at the rate of 15% per annum and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(Self Dealing and Deepening Insolvency)**

65. Plaintiffs incorporate the averments contained in paragraphs one (1) through sixty-four (64) of the Complaint as if fully rewritten hereunder.

66. The aforesaid acts and omissions of Defendants Klimley, Palmero and Maxine Eimicke constitute self-dealing to the detriment of the creditors of the Company, including Plaintiffs, at a time when the Company was insolvent or in the zone of insolvency in violation of said Defendants duty to the creditors of the company, including Plaintiffs.

67. As a direct and proximate result of said self-dealing and said Defendants' active scheme to defraud Plaintiffs, Plaintiffs have been damaged in the full amount of Plaintiffs' investments, plus interest at the rate of 15% per annum and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(Civil Conspiracy)**

68. Plaintiffs incorporate the averments set forth in paragraphs one (1) through sixty-seven (67) of the Complaint as if fully rewritten hereunder.

69. Plaintiffs further state that the aforesaid course of unlawful conduct of all Defendants constituted a malicious combination of individuals which purposely and without lawful excuse deprived Plaintiffs of property through a pattern of fraud and corrupt activity.

70. Plaintiffs further state that as a direct and proximate result of said civil conspiracy Plaintiffs have suffered harm as set forth in herein.

**EIGHTH CAUSE OF ACTION**
**(Breach of Fiduciary Duties)**

71. Plaintiffs incorporate the averments contained in paragraphs one (1) through seventy (70) of the Complaint as if fully rewritten hereunder.

72. At all times relevant to the subject matter of this Complaint, Defendants Klimley, Palmero and Maxine Eimicke had a fiduciary duty to Plaintiffs due to the close relationship of trust between the parties and due to the fact that Plaintiffs were creditors of an insolvent corporation. This duty included the duty to direct the affairs of the Company in a honest and prudent manner; insure that the capital of the Company was expended in a proper, honest and efficient manner; the duty to affirmatively disclose to Plaintiffs the true financial condition of the Company; and the duty to prevent the Company and its officers, directors and control persons from engaging in unlawful acts, including but not limited to the illegal sales of unregistered debentures.

73. Plaintiffs state that said Defendants have knowingly, willfully and intentionally breached each of the aforesaid duties and as a direct and proximate result of said breach, Plaintiffs have suffered the harms set forth herein.

**NINTH CAUSE OF ACTION**
**(Engaging in a pattern of racketeering activity)**

74. Plaintiff incorporates the averments contained in paragraphs one (1) through seventy-three (73) as if fully rewritten hereunder.

75. The aforesaid actions and omissions of Defendants constitute illegal actions in violation of the aforesaid securities laws of the United States of America and the State of New York. The aforesaid actions and omissions of Defendants constitute willful and intentional violations of 18 U.S.C.S. §1956 (Laundering of Monetary Instruments); 26 U.S.C. § 7206 (2) prohibiting the willful giving of aid and assistance in connection with the preparation and presentation of fraudulent and/or false returns; conspiracy to commit criminal violations of federal and state securities laws; aiding and abetting criminal theft; conspiracy to commit criminal theft; aiding and abetting the commission of criminal violations of federal and state securities laws; conducting an illegal ponzi scheme and other like violations.

76. The aforesaid use of the mails and interstate wires in furtherance of Defendant's aforesaid fraudulent scheme violated the federal mail fraud and federal wire fraud statutes as set forth in 18 U.S.C. §§1341 and 1343.

77. Each of the aforesaid actions and omissions constitute "racketeering activity" within the meaning of 18 U.S.C. §1961(1). Collectively said violations, which were carried out over an extended period of time, constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

78. The operations of Defendants as set forth in this complaint and the operation of the Company constitute an enterprise within the meaning of 18 U.S.C. §1961(4) that engages in and/or affects interstate commerce.

79. The Defendants are "persons" within the meaning of 18 U.S.C. §1961(3) who conducted, participated in, operated, managed and/or controlled the affairs of the enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §1962 (c).

80. Plaintiffs have been injured in their business and property as a direct and proximate result of the aforesaid violation of 18 U.S.C. §1962 (c) in the amounts set forth above.

81. By reason of the aforesaid violation of 18 U.S.C. §1962 (c) the Defendants are liable to Plaintiffs for three times the damages sustained by Plaintiffs and the costs of this action including but not limited to reasonable attorneys' fees.

**TENTH CAUSE OF ACTION**
**(Violations of Iowa Blue Sky Law)**

82. Plaintiffs incorporate the averments contained in paragraphs one (1) through eighty-one (81) of the Complaint as if fully rewritten hereunder.

83. Plaintiffs state that the debentures that Plaintiffs received pursuant to the Note Program constitute securities as defined by Iowa Code § 502.102 (28).

84. Plaintiffs further state that said securities were not except from registration pursuant to Iowa Code § 502.201 *et seq*. or otherwise.

85. Plaintiffs further state that Defendants Klimley, Palmero and Maxine Eimicke and the Company, at the direction of officers and directors and advisors of the Company, including Defendants Klimley, Palmero and Maxine Eimicke engaged in the following prohibited acts:

a. failing to register the aforesaid securities in violation of Iowa Code § 502.301;

b. selling unregistered securities to Plaintiffs in violation of Iowa Code § 502 *et seq.*;

c. engaging in acts, practices and a course of business that operated as a fraud on the investors of the Company, including Plaintiffs, in violation of Iowa Code § 502.501(3);

d. employing a device, scheme and artiface to defraud the investors of the Company, including Plaintiffs, in violation of Iowa Code § 502.501(1);

e. omitting and actively concealing the true financial condition of the Company and omitting the disclosures required under Iowa law in violation of Iowa Code § 502.501(2).

86. At all relevant times Defendants Klimley, Palmero and Maxine Eimicke were control persons and executive officers and directors of the Company and are therefore personally liable for the Company's aforesaid violations of Iowa Code 502.501(1); (2) and (3) pursuant to the provisions of Iowa Code § 502.509(a) and Iowa Code § 502.509(b).

87. At all relevant times Defendants Klimley, Palmero and Maxine Eimicke actively and purposefully, directly and indirectly, aided and abetted the aforesaid violations of Alicia Eimicke and Victor Eimicke and are therefore personally liable for said violations pursuant to Iowa Code § 502.509(c).

88. As a direct and proximate result of said violations of Iowa Code § 502 *et seq*., Plaintiffs have been damaged in the full amount of Plaintiffs' investments, plus interest at the rate of 15% per annum and reasonable attorneys' fees.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant for compensatory damages in the amounts set forth above. Plaintiffs further pray that this award be trebled in accordance with the provisions of the Racketeering Influenced and Corrupt Organizations Act.

Plaintiffs further pray for an award of punitive damages against Defendants in the amount of Twenty Million Dollars ($20,000,000.00); the costs of this action including but not limited to reasonable attorneys fees; and for such further and additional relief as Plaintiffs may be entitled at law or in equity.

Respectfully Submitted,

/s/ Michelle L. Heller
MICHELLE L. HELLER
Local Counsel for Plaintiffs
Nepple Law, PLC
216 Sycamore St., Ste 500
Muscatine, IA 52761
563-264-6840
michelle@nepplelaw.com

/s/ James A. Nepple
JAMES A. NEPPLE
Local Counsel for Plaintiffs
Nepple Law, PLC
216 Sycamore St., Ste. 500
Muscatine, IA 52761
563-264-6840
jim@nepplelaw.com

/s/ Richard B. Reiling
RICHARD B. REILING #0066118
5045 N. Main St., Ste. 320 D
Dayton, Ohio 45415
937-278-1183
reilinglaw@aol.com
Attorney for Plaintiffs
(Note: An application for Admission to this Court pro hac vice will be made when a Judge is assigned to this case.)

**JURY DEMAND**

Plaintiffs hereby demand trial by jury on all issues so triable.

/s/ Michelle L. Heller
MICHELLE L. HELLER